## J. C. KARR v. WM. C. HUDSON.

CASE-MADE; *Irregular and Unauthenticated Paper.* A paper, purporting to be a case-made, but not attested by the clerk of the district court, and not having the seal of the court attached thereto, and filed beyond the trial term, will not be reviewed by the supreme court for alleged errors, when challenged for want of the statutory authentication.

*Error from Labette District Court.*

ASSAULT and battery. *Hudson* had judgment against *Karr*, at the February Term 1877 of the district court, for $136 as and for his damages sustained by reason of certain

injuries to his person inflicted by *Karr.*   New trial refused. *Karr* brings the case here.

*Cory & Kimball,* for plaintiff in error.

*A. H. Ayres,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: On the 10th of March 1877, the motion for a new trial in this action was overruled by the district court, and Karr, the defendant in the court below, was given thirty days in which to make a case for this court.   What purports to be a "case-made," in the proceedings before us, is signed by the judge, and dated April 13th 1877.   But the paper is not attested by the clerk, nor is the seal of the court attached.   Hence the same is not authenticated as required by the law.  (Sec. 1, ch. 114, Laws of 1871.)   We cannot be unmindful of the behests of the law, nor have we any authority to dispense with the statutory provisions of authentication required to a case-made.   The paper presented us is not sufficiently authenticated to constitute it a case-made. (*Hodgden v. Comm'rs of Ellsworth Co.,* 10 Kas. 637.)

Nor can we accept the case-made as a bill of exceptions. There is nothing in the record to show the paper was filed in term-time — nothing to show that the court was in session on April 13th; and the journal entries of the court, outside of said paper, make no mention of any bill of exceptions being tendered, or allowed, or filed.   We cannot presume, in the absence of the proper evidence, and when the record shows that thirty days were given to make a case, that any bill of exceptions was taken, notwithstanding the paper is denominated both a case-made and a bill of exceptions.   It is neither.   Under such circumstances it is impossible for us to examine the action of the district court in refusing to suppress certain depositions, in admitting alleged incompetent evidence, and in directing the jury, as there is, in legal contemplation, no case-made, bill of exceptions, or other record here.   The case will be dismissed.

All the Justices concurring.