ARTHUR S. PIERCE V. D. H. MYERS, et al.

1. CASE-MADE; *Practice in Supreme Court.* Where a case for the supreme court is properly made, served, settled and signed by the judge of the district court, and then brought to the supreme court before the same is attested or authenticated by the clerk of the district court, and a motion is made in the supreme court to dismiss the case and the petition in error for that reason, and then the plaintiff in error on leave withdraws the case temporarily and presents it to the clerk of the district court, who then and there duly attests and authenticates the same with proper certificates and with his signature and the seal of the district court, *held*, that the motion of the defendants in error to dismiss the case and the petition in error because of such want of attestation and authentication will be overruled.

2. ———— A petition may be amended before answer, without leave and without prejudice, where the amendment is served upon the defendant or his attorney.

3. ———— In an action commenced by attachment on a claim before due, it is not necessary to set forth in the petition the grounds upon which the attachment is obtained.

4. ———— Where a summons is personally served upon the defendant, and afterward he appears in the action otherwise than for the mere purpose of questioning the jurisdiction of the court, the court unquestionably has jurisdiction of the person of the defendant.

5. ATTACHMENT; *Practice.* In an application for an order of attachment under § 230 *et seq.* of the civil code before the claim is due, if the order of attachment is not granted, then the action must be dismissed; and if the order of attachment is granted, but should afterward be set aside for the reason that the grounds therefor are not true, then the action thould also be dismissed; but if the order of attachment, after being granted, should be set aside for some mere technical defect in the attachment proceedings, then the district court should as a rule exercise a sound judicial discretion as to whether the action should be dismissed or not; and if not dismissed, the plaintiff should be required to immediately correct, by amendment or otherwise, the defects in his attachment proceedings, so as to make them correspond with the law governing actions and attachment proceedings instituted on claims not yet due. If the order of attachment should not be set aside, but should be upheld, and only the levy of the attachment upon particular property should be set aside, then the action should not be dismissed unless the plaintiff should then wholly abandon his attachment proceedings; and if only a portion of the attached property should be discharged from the attachment, then the action should not be dismissed, but should proceed to judgment. And

as an application of these principles, where a plaintiff commences an action on a claim before due, and procures an attachment under § 230, *et seq.*, of the civil code, and afterward and after the claim has become due, and upon a motion made by the defendant to discharge the attachment upon the ground that the facts stated and set forth in the affidavit for the attachment are untrue and false, wholly abandons his attachment proceedings and relinquishes the attached property to the defendant, and afterward procures another attachment, under § 190 of the civil code, upon the ground that the defendant is a non-resident of the state of Kansas, and the defendant then moves to dismiss the action upon the ground that the same was commenced upon a claim not due, and that the original attachment proceedings had been wholly discharged and the attached property released, *held*, that the action should be dismissed.

### *Error from Clay District Court.*

MAY 7, 1881, *D. H. Myers* and another, partners as Myers & Campbell, as plaintiffs recovered a judgment against defendant *Pierce*, who brings the case here. The facts appear in the opinion.

*Wm. Higinbotham*, and *F. B. Dawes*, for plaintiff in error.

*Harkness & Goddard*, and *Everest & Waggener*, for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This was an action commenced under §§ 230 to 236 of the civil code, on a promissory note, before it was due. An order of attachment was issued in the case by authority of the judge of the court, and levied upon certain property. Afterward, the defendant, Arthur S. Pierce, moved to set aside the order of attachment and to discharge the property attached, on the grounds—"*First*, because no sufficient affidavit for attachment has ever been made in said action; *second*, because the pretended facts stated and set forth in the pretended affidavit, and the pretended grounds for attachment stated in said affidavit, are false." This motion was never heard or decided by the court below, or by the judge thereof; but the plaintiffs, Myers & Campbell, appeared and made the following relinquishment, to wit:

"The above-named plaintiffs, D. H. Myers and J. P.

Campbell, hereby release the attachment issued in the above entitled action on the first day of March, 1881, and levied upon certain real estate belonging to the said defendant, situated in Clay county, Kansas; the said plaintiffs hereby relinquishing, releasing and disclaiming to said defendant all claims, interest or lien in or upon the property in said attachment mentioned, which the said plaintiffs may have acquired under and by virtue of said writ of attachment."

On the same day the plaintiffs filed a new and amended petition. This new and amended petition was the same as the original petition, except that it made no reference to the fact that the note was not then due, or that it was not due when the action was commenced, or to the fact that the defendant had disposed of, or was about to dispose of, his property, with the intent to hinder, delay or defraud his creditors. At the time that this new and amended petition was filed, the note was due. At the same time the plaintiffs filed a new affidavit for another order of attachment. This new affidavit was made and filed under §190 of the civil code; and the ground set forth therein, and the only ground for the order of attachment, was, that the defendant was a non-resident of the state of Kansas. Another order of attachment was then issued, and was levied upon the same property upon which the original order of attachment had been levied. Afterward the defendant filed a motion to dismiss the plaintiffs' action, which motion reads as follows:

"Now comes the said defendant, Arthur S. Pierce, for the purpose of this motion only, and moves the court to dismiss the above entitled action, because the same was brought for a debt before the same was due, and the property attached therein released and discharged and the original attachment therein dismissed."

This motion was overruled by the court; and thereupon the defendant filed a motion to strike the amended petition from the files of the court, upon the following grounds, to wit:

"1. Because the same was filed without leave of court, and without the consent of said defendant. 2. Because the same changes substantially the claims in said action. 3. Because the same changes the nature of the action. 4. Because

the same is not an amendment to the original petition herein. 5. Because the same is not an amended petition herein. 6. And because no action was pending when the same was filed."

This motion was also overruled by the court. The defendant made no further appearance in the case, and judgment was rendered against him by default for the amount of the promissory note and costs, and the attached property was ordered to be sold to satisfy such judgment. The court also ordered that the defendant should have sixty days from the date of the judgment within which to make and serve a case for the supreme court, which case was properly made, served, settled and signed, and then brought to this court. The case, however, was not properly attested by the clerk and authenticated until after it was brought to this court. After the same was brought here, the defendants in error (plaintiffs below) moved to dismiss the petition in error and to strike the case from the files of this court, for various reasons, among which were, that the case had not been properly authenticated by him. Immediately thereafter counsel for plaintiff in error, with leave of one of the justices of this court, withdrew the case temporarily, and presented it to the clerk of the district court, who then and there duly attested and authenticated the same with proper certificates and with his signature and the seal of the district court. The case was then returned to the supreme court. Under these circumstances, we think the motion of the defendants in error should be overruled. (*Lownsberry v. Rakestraw,* 14 Kas. 151; *Pierce v. Butters,* 21 Kas. 125.)

The case was complete and perfect when it was signed by the judge of the district court, and all that was then necessary to make it evidence in this court was, that it should be attested and authenticated by the clerk of the district court; and it is not essential to the validity of the case that it should be filed with the clerk of the district court immediately after it has been settled and signed by the judge of such court. If filed within any reasonable time after it has been settled and signed, that is sufficient. (See case first above cited.) And we cannot say in the present case that the case was not

filed within a reasonable time. This decision is in entire harmony with the case of *Karr v. Hudson*, 19 Kas. 474. In that case, the case had not been attested by the clerk of the district court at all, and did not have the seal of the court attached thereto.

We now come to the merits of the case. The plaintiffs below had a right to amend their petition at the time they did, by filing an amended petition, as they did, without leave of the court. The defendant had not yet filed his answer; and § 136 of the civil code provides among other things that "the plaintiff may amend his petition without leave, at any time before the answer is filed, without prejudice to the proceedings." Besides, the district court ratified the filing of the same, by refusing to strike it from the files or to dismiss the action on account thereof. The amended petition was duly served upon the defendant's attorneys, as required by § 136 of the civil code.

We also think that the amended petition was amply sufficient for the purpose of stating the plaintiffs' cause of action, both at the time they filed the same and also at the time the original petition was filed. And the original petition would have been amply sufficient, if it had been drawn up in the exact form in which the amended petition was drawn.

In an action on a claim before due, it is not necessary to set forth in the petition the grounds upon which the attachment is obtained, any more than it is to set forth the grounds upon which an attachment is obtained where the claim upon which the action is brought is past due. "The affidavit and order of attachment constitute no part of the pleadings in the action, and the grounds for an attachment should not be stated in the petition. This rule applies as well in case of an action for a debt not due as in other actions." (*Harris v. King*, 9 Ohio St. 388.) The grounds for the attachment must be set forth in the affidavit of the plaintiff for the attachment, and need not be set forth anywhere else. At most, they should not be set forth in the pleadings.

We now come to the question whether the court below

erred in refusing to dismiss the plaintiffs' action, and in over-ruling the defendant's motion for that purpose. That the court below had jurisdiction of the person of the defendant, there can be no question. A summons was personally served upon him; and he also appeared in the action otherwise than for the mere purpose of questioning the jurisdiction of the court. He appeared in the action and moved to discharge the attachment for the reason, among others, that the facts set forth in the affidavit for the attachment were untrue and false. He also appeared in the action and moved to strike the amended petition from the files, for various reasons other than that the court did not have jurisdiction to hear and de-termine the case. But the fact that the court below had jurisdiction of the person of the defendant, does not decide the question as to whether the court below erred in refusing to dismiss the plaintiffs' action. That question probably de-pends upon the other question, as to whether the plaintiffs absolutely abandoned their original action or proceeding, as a proceeding under §§ 230 to 236 of the civil code, and at-tempted to transform it into an ordinary action, with an ordi-nary order of attachment issued under § 190, *et seq.*, of such code. This depends upon various considerations. In an ap-plication for an order of attachment under § 230 *et seq.* of the civil code before the claim is due, if the order of attach-ment is not granted, then the action must be dismissed, (Civil Code, § 232;) and if the order of attachment is granted, but should afterward be set aside for the reason that the grounds therefor were not true, then the action should also be dis-missed. (*Heidenheimer v. Ogborn*, 1 Disney, 351; *Grier v. Fox*, 4 Mo. App. 522; *Crew v. McClung*, 4 G. Greene, 153; *Wads-worth v. Cheeny*, 10 Iowa, 257, 259; *Seidentopf v. Annabil*, 6 Neb. 524.) But if the order of attachment, after being granted, should be set aside for some mere technical defect in the attachment proceedings, then we think the district court should, as a rule, exercise a sound and proper judicial discre-tion as to whether the action should be dismissed or not. (*Ramsey v. Overaker*, 1 Disney, 569.) And if not dismissed,

24—28 KAS.

the plaintiff should be required to immediately correct, by amendment or otherwise, the defects in his attachment proceedings, so as to make them correspond with the law governing actions and attachment proceedings instituted on claims not yet due. If the order of attachment should not be set aside, but should be upheld, and only the levy of the attachment upon particular property should be set aside, then we think that the action should not be dismissed, unless the plaintiff should then wholly abandon his attachment proceedings. Of course if only a portion of the attached property should be discharged from the attachment, then the action should not be dismissed, but should be proceeded with to judgment.

The present case is not in all its particulars just like any one of the cases above mentioned; but we think it is similar in principle to the case where the attachment is granted and afterward set aside upon the ground that the facts set forth in the affidavit for the attachment are not true. The defendant in this case moved to set aside the attachment on the ground of the insufficiency of the affidavit, and that the facts stated therein were false; and immediately thereafter the plaintiffs wholly abandoned their attachment and all the previous attachment proceedings, and commenced new attachment proceedings not authorized or provided for in actions commenced on claims not due. In this we think that they virtually confessed either that their affidavit for the attachment was not sufficient in form, or that the facts stated therein were not true; and perhaps by this relinquishment and abandonment they confessed both. Their relinquishment and abandonment of their original attachment proceedings was a virtual dismissal and discharge of all such attachment proceedings; for under the new attachment proceedings it was not pretended that the defendant had done or was about to do anything for the purpose of hindering, delaying or defrauding his creditors — matters essentially necessary to the maintenance of attachment proceedings on claims not due. The abandonment by the plaintiffs of their original attachment proceedings was a vir-

tual dismissal of their original affidavit for the attachment, was a virtual dismissal of their original order of attachment, and was a virtual dismissal of the levy of such original order; and it was not a dismissal of any of these proceedings because of any merely technical defects or imperfections in any of the papers in the case, or because of any irregularity in the mode of procedure; for all the papers in the case — the affidavit, the leave of the judge, the undertaking, the order of attachment, the levy of the same, and all other papers and proceedings up to that time — seem to have been perfectly regular and proper and sufficient. Nor was the abandonment of the original attachment proceedings merely a discharge of the attached property on the ground or claim that it was exempt from attachment or not subject to attachment; for the new order of attachment was levied upon identically the same property, and there was no claim that it was exempt from attachment. However, the defendant's motion to discharge the attachment really contained only two grounds: *First*, that the *affidavit* for the attachment was insufficient; and *second*, that the facts set forth therein were false. And because of this motion, and for no other obvious reason, that plaintiffs seem to have abandoned their original attachment. Now the first ground for the motion was clearly not sufficient. Therefore it would seem that the plaintiffs must have abandoned their attachment merely because of the second ground; that is, merely because they then believed that the facts set forth in their original affidavit were not true. And indeed, taking the whole case together, with all its facts and circumstances, it would seem that there could be no sufficient reason for the abandonment of the original attachment proceedings by the plaintiffs, except that they believed that the facts set forth and stated in their original affidavit, and upon which all such attachment proceedings were founded, were not true. And if such facts were not true, then we think that according to all the authorities the action should have been dismissed. Undoubtedly the plaintiffs believed the facts set forth in their

original affidavit to be true when they filed the same, but further investigation probably led them to believe otherwise.

The judgment of the court below will be reversed, and the cause remanded for further proceedings.

All the Justices concurring.