JOHN F. LIMERICK v. A. C. GWINN.

CASE-MADE—*No Proper Authentication.* A case-made signed by the trial judge, but not attested by the clerk of the court with his signature and the seal of the court, will not be reviewed by the supreme court for alleged errors when challenged for want of proper authentication.

*Error from Harper District Court.*

THE opinion states the case.

*J. J. Merrick,* for plaintiff in error.
*Shepard, Grove & Shepard,* for defendant in error.

Opinion by STRANG, C.: This was an action on a promissory note, begun before a justice of the peace, and appealed to the district court, and there tried January 24, 1888, by a jury, who returned a verdict for the defendant for costs. The plaintiff brings to this court what purports to be a "case-made," and asks this court to review certain alleged errors therein. The defendant objects to a consideration of the case by the court—because the "case-made" is not properly authenticated. The record as sent here is signed by the judge of the district in which the cause was tried, but it is not attested by the clerk of the court. Par. 4649, General Statutes of 1889, provides as follows: "The case and amendments shall be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached." It will be seen that the statute requires the judge to sign the case-made, and also cause it to be attested by the clerk, and the seal of the court thereto attached. It is not sufficient that the judge, alone, signs it. Indeed, its principal authentication is found in the attestation of the clerk, which is evidenced by the seal of the court.

In *Karr v. Hudson,* 19 Kas. 474, Chief Justice HORTON says: "What purports to be a 'case-made' in the proceedings before us, is signed by the judge, and dated April 13, 1877.

But the paper is not attested by the clerk, nor is the seal of the court attached. Hence, the same is not authenticated as required by law. We cannot be unmindful of the behests of the law, nor have we any authority to dispense with the statutory provisions of authentication required to a case-made." (See also *Linton v. Frazier*, 29 Kas. 20; *Pierce v. Myers*, 28 id. 364.)

The record brought here is further challenged by the defendant, who says that it does not contain, and does not purport to contain, all the evidence in the case. This court has frequently held that, so far as those questions are concerned which require the preservation and incorporation into the record of all the evidence introduced on the trial of the cause, to enable it to review them, the case-made must upon its face affirmatively show that it contains all the evidence, or such questions will not be reviewed. (*The State, ex rel., v. Comm'rs of Harper Co.*, 43 Kas. 195; *Eddy v. Weaver*, 37 Kas. 548; *Barker v. Barker*, 43 id. 91; *Hill v. National Bank*, 42 id. 364; *Insurance Co. v. Hogue*, 41 id. 524; *Railroad Co. v. Grimes*, 38 id. 241.)

There is no statement, in the record sent here, that it contains all the evidence introduced on the trial of the cause, and it does not otherwise satisfactorily appear that it contains all the evidence. For the reasons above given, it is recommended that this case be dismissed.

By the Court: It is so ordered.

All the Justices concurring.