YOUNG v. GAUT.

Opinion delivered February 23, 1901.

1. BILL OF EXCEPTIONS—SUFFICIENCY.—Where the evidence was taken by a stenographer by agreement of counsel, and a transcript thereof was approved by the court as a correct bill of exceptions, and ordered filed, and was deposited with the clerk within ninety days, such transcript is a sufficient bill of exceptions. (Page 117.)

2. SAME—SUFFICIENCY OF FILING.—The fact that a bill of exceptions lacks the clerk's file mark is not conclusive evidence that it was not filed, where it was delivered to the clerk in apt time for the purpose of being filed. (Page 118.)

3. COUNTERCLAIM—FAILURE TO REPLY—WAIVER.—Plaintiff's failure to reply to a counterclaim pleaded by defendant is waived by the latter's failure to move for a judgment in the circuit court. (Page 118.)

4. CONTRACT—LIQUIDATED DAMAGES.—Where a contract stipulated that a building should be completed by a certain day, with a forfeit of $5 a day as "liquidated damages" for each day's delay thereafter, and there was unnecessary and unwarranted delay in completing the contract, it was error to disallow such liquidated damages. (Page 118.)

Appeal from Washington Circuit Court in Chancery.

EDWARD S. McDANIEL, Judge.

STATEMENT BY THE COURT.

On the 5th day of April, 1898, the appellees, Gaut & Cardwell and the Phillips-Deaver-Johnson Lumber Company, filed their complaint in the Washington circuit court against the appellant, Mrs. S. J. Young, alleging that on August 10, 1897, Gaut & Cardwell had entered into an agreement with Mrs. S. J. Young, in writing, to build for her a dwelling on lot No. 3, in block No. 1, city,

in accordance with certain plans and specifications prepared by one H. I. Goddard, at and for the sum and price of $1,785; that they had complied fully with the terms of their said written contract in all essential particulars, "except where otherwise directed or prevented by the defendant." Gaut & Cardwell allege extra work and labor performed to the value of $198.05, and Phillips-Deaver-Johnson Lumber Company allege that they have, "at the request and with the knowledge of the said Gaut & Cardwell and the said Mrs. S. J. Young," furnished material, etc., and paid money to the amount of $1,359.91; and plaintiffs allege a total expenditure of $2,254.91, and admit payment to the extent of $892.50. And plaintiffs ask for a judgment against the defendant in the sum of $1,362.41, and that same be declared a lien upon the said lot and building. And plaintiffs file as exhibits copies of the contract, bond and accounts stated. On May 10, 1898, the defendant (appellant) filed her answer and cross-complaint, admitting the execution of the contract and the accepting of the bond, but denying that the plaintiffs, Gaut & Cardwell, "or any one for them," had complied with the contract as alleged; denied that said building had been completed according to contract, or accepted by the supervising architect, H. I. Goddard, or by defendant; specifically alleges non-compliance with the contract on the part of the plaintiffs, and denies any indebtedness whatsoever. And for cross-complaint the defendant (appellant) alleged the making of the contract with Gaut & Cardwell, and that she accepted a bond executed by said Gaut & Cardwell, with said Phillips-Deaver-Johnson Lumber Company as surety, in the sum of $2,000, conditioned for the faithful performance of said contract; alleges that said Phillips-Deaver-Johnson Lumber Company "acted throughout as parties in interest as contractors, and have assumed authority at all times as contractors, and that they have assumed to be, and have held themselves out as being, the real parties in interest, as contractors as well as sureties;" that, by the express terms of the contract, said building was to be completed by December 1, 1897, with a forfeit of $5 a day "as liquidated damages" for each day thereafter, and that she is entitled to the sum of eight hundred dollars for a delay of 160 days. Defendant alleges that she obtained possession of the house "by legal process," on the 5th day of April, 1898, having made demand, under art. 7 of the contract, for possession on March 21, 1898, and possession having been refused by plaintiffs, to her special damage in the sum of $100. Admits $34.50 of plaintiff's

bill for extras, and denies $173.35. Alleges certain specific deficiencies, amounting to $310.67½. Denies the right of the firm of Phillips-Deaver-Johnson Lumber Company to file and enforce a lien against said premises, for the reason that they are "in truth and in fact parties contractors as well as sureties;" and alleges special damages for said wrongful filing in the sum of $200. Denies that said Phillips-Deaver-Johnson Lumber Company were ever requested to furnish any lumber and material, or pay any money, as alleged in complaint; but alleges that whatever lumber and material they furnished or money that they paid was furnished or paid "at their own instance and request as parties contractors as well as suretions." Defendant alleges a total damage of $1,410.67½, and asks a judgment therefor and for her costs. There was no reply made to the said answer and cross-complaint.

After much testimony on both sides was heard by the court, the chancellor made substantially the following finding of facts and decree: That Gaut & Cardwell, as contractors, with Phillips-Deaver-Johnson Lumber Company, as surety, had contracted with the defendant (appellant) to build a house as per contract, plans and specifications introduced in evidence, and to complete same by December 1, 1897, at and for the sum and price of $1,785. Finds that the contract and bond were executed on August 10, 1897, and that the building was to be completed according to the said contract and the plans, drawings and specifications made by H. I. Goddard, architect. "That said building was not tendered as completed, by said Gaut & Cardwell, contractors, until March 21, 1898, and that at said time said dwelling was not completed according to contract in all particulars." The court then gives the defendant (appellant) possession, with costs; her separate suit for possession having been consolidated with this action. The court then allows the contractors $100 for extra work, which, with contract price, made a total of $1,885. The defendant (appellant) was "entitled to a credit or offset of $150 for damages in delay and work," which, with the $892.50 previously paid, made a total credit of $1,042.50, and that "she now stands indebted to said contractors, Gaut & Cardwell, in the sum of $842.50, as balance in full of amount due from her under said contract." The court further finds that four parties are lien creditors, their claims aggregating $148.33. Directs defendant (appellant) to pay said liens out of the balance due on contract price, and to pay the residue unto Phillips-Deaver-Johnson Lumber Company. That

Gaut & Cardwell are indebted unto Phillips-Deaver-Johnson Lumber Company in the sum of $1,359.91, and that, after receiving the said sum of $694.17 from Mrs. Young, appellant, it is entitled to a judgment against Gaut & Cardwell for $665.74. The balance, $842.50, due from Mrs. Young (appellant) is declared a lien on the building in controversy. That $100 of same may be paid by conveying the certain lot of land referred to in contract. The plaintiffs (appellees) to pay all the costs in the suit for possession; otherwise, each party pays his own costs, and the court costs are divided.

Whereupon the defendant (appellant) offered her bill of exceptions, and prayed an appeal to the supreme court, which appeal was by the court granted.

*E. B. Wall,* for appellant.

Parties may, in advance, stipulate, by way of liquidated damages, the amount to be paid by the party who is guilty of breach of contract. 14 Ark. 315, 328. Courts of equity will not relieve against stipulations as to liquidated damages. 14 Ark. 319; 56 Ark. 384; 54 Ark. 340; 57 Ark. 169. The court erred in not decreeing to appellants the damages stipulated for in, the contract.

*J. V. Walker,* for appellees.

The court properly relieved appellees against damages for all delay beyond 30 days. The evidence was conflicting, but it sustains the chancellor's finding; and the decree should be affirmed. 24 Ark. 431; 41 Ark. 294.

Hughes, J., (after stating the facts.) The plaintiff's attorney contends that there is no bill of exceptions, and that there is no showing in the record that what purports to be a bill of exceptions was ever filed. The evidence appears to have been taken by a stenographer in the presence of the court by agreement of counsel, and to have been deposited with the papers and recognized by the court as the evidence in the case, and a part of the bill of exceptions, whereupon the court made the following order: "And now comes said defendant, Mrs. S. J. Young, and presents to the judge of said court this her bill of exceptions, comprising all the evidence introduced in this cause, which is signed, sealed and made a part of the record herein, this the 25th day of July, 1898. E. S. McDaniel, Judge." This bill of exceptions transcribed by the stenographer, as to the evidence, as per agreement, as we understand,

was approved and ordered filed by the court, and was deposited with the clerk within 90 days; and while the record is awkwardly presented in the transcript, we think it sufficiently identifies and shows the evidence, and that it was filed in apt time.

When it was delivered to the clerk within time, the omission of the filing mark would not be evidence that it was not filed, if it was delivered for the purpose of being filed. *Case* v. *Hargadine,* 43 Ark. 148.

There was no reply to the defendant's counter-claim, and counsel for defendant contends that, by reason of the fact that his counter-claim was not answered, the appellant should have had judgment. But it does not appear that the appellant moved for judgment because of the failure to answer her counter-claim. Wherefore she cannot take advantage of it here. By failing to move for judgment for the want of answer, and by going into trial, she must be held to have treated the issues as made. *Gibbs* v. *Dickson,* 33 Ark. 107; *Winters* v. *Fain,* 47 Ark. 496.

As there is conflict in the testimony as to the character of and deficiency in the work, we will not disturb the finding and decree in this behalf. But we think the evidence, by a decided preponderance, tends to show an unnecessary and unwarranted delay in completing the building according to contract, and that by the use of proper diligence the contractors could have completed the building within the time they contracted to do it. It is true, there were some alterations in the plans, and in some of the materials to be used in the building, which were provided for in the contract; yet no additional time was asked, or seems to have been contemplated, by reason of these alterations, which were inconsiderable, and need not have caused any delay beyond the time fixed and agreed upon for the completion of the building. The contract was entered into on August 10, 1897, and the house, was, according to its stipulations, to be completed by December the 1st, 1897, with a forfeiture of $5 a day as "liquidated damages," for each day's delay thereafter. The appellant got possession of the house on the 7th of April, 1898, and it was not then completed in all particulars, as found by the court. There was, therefore, a delay in completing the house in 128 days after December the 1st, 1897, for which, in our judgment, the appellant was entitled to an allowance of $5 per day as liquidated damages—in aggregate $640. It may be that appellees made a hard bargain, and built the house for less than it was worth; but, if this be true, we cannot change

their contract, nor can we relieve them of the consequences of their failure to comply with it. "While courts of equity afford relief against penalties, they will not relieve against liquidated damages." *Williams* v. *Green,* 14 Ark. 315; *Lincoln* v. *Little Rock Granite Co.,* 56 Ark. 405.

The decree is affirmed, save as to this item of liquidated damages that should have been allowed the appellant; but as to this the judgment is reversed and remanded, with directions to the court below to modify the decree in accordance with this opinion.