John F. Devine, Administrator, Plaintiff in Error, v. The Prudential Insurance Company, Defendant in Error.

### Gen. No. 15,195.

APPEALS AND ERRORS—*when statement of facts stricken.* A statement of facts or substitute for a bill of exceptions filed in the Municipal Court will be stricken from the record on appeal if it was not certified or filed within thirty days of the time the judgment order was entered, nor within any extension of time granted within such thirty days.

Assumpsit. Error to Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding. Heard in this court at the March term, 1909. Affirmed. Opinion filed June 30, 1910.

GEORGE D. WELLINGTON and DILLARD B. BAKER, for plaintiff in error.

HOYNE, O'CONNOR, HOYNE & IRWIN, for defendant in error.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

Plaintiff in error, in a trial before the court without the intervention of a jury, suffered a judgment of *nil capiat* and for costs. From that judgment a writ of error was sued out of this court and the record is now before us for review.

The errors assigned do not involve the statutory record but are confined to matters of procedure, such as are preserved by a statement of facts or stenographic report, etc., as provided by the Municipal Court Act.

The judgment was entered October 1, 1908. On October 31, 1908, a writ of error from this court was filed in the Municipal Court, and plaintiff in error on that day was given thirty days additional time in which to file "his bill of exceptions and statement of facts." On November 28, 1908, on motion of plaintiff in error "the time for certifying certificate of evidence" was extended thirty days "from this

date." On December 29, 1908, a statement of facts certified by the trial judge as "a correct statement of the facts appearing upon the trial of said cause and of all questions of law involved in said cause" was signed and filed.

This cause comes within the category of cases designated under the Municipal Court Act as of the "fourth class." Paragraph 6 of section 23 of the Act *supra* makes it the duty of a judge entering a final order or judgment within thirty days thereafter, or within such further time as may upon application therefor within such thirty days be allowed by the court, to sign and place on file either a correct statement of the facts appearing upon the trial and of all questions of law and the decisions of the court thereon, or a correct stenographic report of the proceedings at the trial, etc. Such a statement or report with a certified copy of the judgment and such other papers as may be specified, if any, constitute the record to be considered upon review by this court. The document, certified as above set forth, was not certified or filed within thirty days of the time the judgment order was entered nor within any extension of time within such thirty days. The extension allowed within the thirty days expired November 30, 1908, and the document in the record was neither signed by the judge nor filed with the clerk until December 29, 1908.

Lassers v. The North German Lloyd Steamship Co., 244 Ill. 570, is to the legal effect and purport that after the lapse of thirty days, or any extension granted within such thirty days, from the entry of final order or judgment, the Municipal Court in cases of the fourth and fifth classes loses jurisdiction to sign a statement of facts, stenographic report, or any other document filling the office of a bill of exceptions at common law. We are not, therefore, at liberty to consider any errors assigned except such as involve the statutory record, and finding none there, the judgment of the Municipal Court is affirmed.

*Affirmed.*