Clarence O. Pauley, Defendant in Error, v. The King-Richardson Company, Plaintiff in Error.

## Gen. No. 18,536.

1. MUNICIPAL COURT—*stenographic report not filed in time will be stricken.* Where no stenographic report or statement of facts in a fourth class case in the Municipal Court of Chicago is presented to the trial court, or filed within thirty days from the date judgment was entered, and no order is entered within said time extending the time to present the same, a so-called bill of exceptions or stenographic report will be stricken from the record on appeal.

2. MUNICIPAL COURT—*effect of striking stenographic report from record.* Where a stenographic report of a fourth class case in the Municipal Court of Chicago is stricken from the record, and the errors assigned do not involve matters contained in the common-law record, the Appellate Court cannot consider any other error assigned, and the judgment will be affirmed.

Error to the Municipal Court of Chicago; the HON. CHARLES A. WILLIAMS, Judge, presiding. Heard in the Branch Appellate Court

at the October term, 1912.   Affirmed.   Opinion filed December 5, 1912.

BOYLE, MOTT & HAIGHT, for plaintiff in error.

ALDEN, LATHAM & YOUNG, for defendant in error.

PER CURIAM.   This is a case of the fourth class in the Municipal Court, in which appellant suffered a judgment upon trial by a jury for $159.89, on the 16th day of March, 1912.   No stenographic report or statement of facts was presented to the court or filed within thirty days from the date judgment was entered, nor was any order entered within said time extending the time to present the same.   A document called a bill of exceptions was filed May 2, 1912.

The defendant in error has moved this court to strike the so-called bill of exceptions or stenographic report from the record, which motion will be allowed.

The errors assigned do not involve matters contained in the common law record, and as we are not at liberty to consider any other errors assigned, the judgment of the Municipal Court is affirmed, following Devine v. Prudential Ins. Co., 156 Ill. App. 477.

*Affirmed.*