## TUCKER *et al.* v. THRAVES.

No. 3936.    Opinion Filed January 5, 1915.

(145 Pac. 784.)

**APPEAL AND ERROR—Case-Made—Filing—Evidence.** A motion is filed to dismiss this appeal on the ground that the case-made was never filed with the papers in the case in the trial court. The case-made contains no file mark or stamp of the clerk, showing the same to have been filed in the office of the clerk of the trial court. A certificate and also an affidavit of the clerk are filed with the response to said motion, which show that said case-made was deposited with the clerk for the purpose of filing and placed with the papers in the cause, and was thereafter withdrawn, to be filed in the Supreme Court. Said certificate and affidavit of the clerk are uncontroverted. **Held,** that under the law the depositing with the clerk for the purpose of filing constituted a valid filing, and this court is authorized and will receive evidence showing said case-made to have been filed. Held, further, the motion to dismiss should be overruled. (Syllabus by the Court.)

Turner, J., dissenting.

*Error from District Court, Nowata County;*

*T. L. Brown, Judge.*

Action between W. E. Tucker and another and W. V. Thraves. From the judgment the parties first mentioned bring error. Motion to dismiss overruled.

*W. J. Campbell,* for plaintiffs in error.

*W. A. Sipe, W. A. Chase, J. A. Tillotson,* and *W. M. Justis,* for defendant in error.

RIDDLE, J.  A motion is made to dismiss on the ground that the case-made was never filed with the papers in the case in the trial court. The case-made does not contain the file mark or the stamp of the clerk showing the same to have been filed. There is also presented the affidavit of the clerk to the effect that the case-made was filed with the papers in said cause. In response to this motion is presented a certificate of the clerk of the trial court, showing that on civil docket No. 3, at page 46, appears the following entries relative to said cause:

"March 26th, 1912; case-made entered, 25 cents; cert. 25 cents; filed 10 cents; orig. withdrawn to file in Supreme Court."

There is also presented the affidavit of the clerk to the effect that the case was filed with the papers in said cause. Judgment was rendered in the trial court November 27, 1911. Case-made was settled March 26, 1912. Petition in error and case-made were filed in this court May 8, 1912.

The question arises upon the motion to dismiss: Can plaintiffs in error under the practice in this court, be permitted at this time to show that the case-made was actually filed in the trial court? In support of the motion herein to dismiss, defendant in error cites and relies on the cases of *Banks et al. v. Watson,* 40 Okla. 450, 139 Pac. 306 and *Gibbs v. Tanner,* 43 Okla. 477, 143 Pac. 189. In the first case cited, this court said:

"A case-made filed in this court which does not show that it has been filed in the office of the clerk of the trial court is a

nullity, and, where such a case-made remains in this court after the expiration of the statutory period in which to perfect an appeal, on motion the appeal will be dismissed."

The same rule was announced in *Banks et al. v. Watson, supra*. These cases, considered abstractly, might appear to be conclusive against plaintiffs in error and require a dismissal of this appeal. The language used in disposing of the motions in those cases must be considered and applied to the facts there before the court, and should not be construed as extending the rule beyond the points necessarily involved. Upon an examination of the facts in those cases, it is disclosed that the case-made has not, as a matter of fact, been filed in the office of the clerk of the trial court with the papers in said causes as disclosed by the record, and the conclusions reached and announced in those cases were correct. The rule stated by Cyc. vol. 3, p. 73, is to the effect that:

"A case-made or statement of facts on appeal which is not filed within the required time after settlement cannot be considered by the appellate court."

It will be noticed that the text does not state that, where the case or statement of facts fails to have the file mark of the clerk attached or stamped thereon, it cannot be considered by the appellate court; but in clear language it is stated that, when the record is not filed with the clerk, it cannot be so considered. This is the rule followed by this court in the case of *St. L., I. M. & So. Ry. Co. v. Burrow,* 33 Okla. 701, 127 Pac. 478, which case is cited by the court in *Banks et al. v. Watson,* 40 Okla. 450, 139 Pac. 306. It was there said:

"It seems to be conceded that neither was the case-made attested by the clerk of the district court nor was the case-made filed with the papers in the case in the lower court."

After quoting from section 6074, Comp. Laws 1909, relating to amendments, approval, etc., the latter part of which section

provides, "it shall then be filed with the papers in the, case," the court further stated:

"Such not having been done, the purported copy attached to the proceeding in error is a nullity. * * *"

This undoubtedly states the correct rule and the rule announced by the court in the two cases cited, when applied to the facts there before the court. The case-mades in those cases had not ben filed with the clerk of the trial court, as disclosed by the case-made itself, and there was no attempt to otherwise show that said case-mades had been so filed; and necessarily the motions to dismiss were properly sustained. We have an entirely different state of facts before us now. The uncontradicted affidavit of the clerk of the district court filed in this court shows that the original case-made was, as a matter of fact, filed in his office with the papers in the case and was withdrawn for the purpose of filing in this court. These facts, not being disputed, must be accepted as *prima facie* true. It is the actual depositing in the office with the clerk of the trial court which in law constitutes the filing. When the case-made is deposited with the clerk or his duly authorized deputy, in his office with the intent and for the purpose of filing with the papers in the cause, in law it is a valid, filing and effective as such, although the clerk neglects to place the file mark thereon or stamp same as filed; the purpose of which is to furnish evidence of such filing. This rule is well settled. *Norris et al. v. Cross*, 25 Okla. 296, 105 Pac. 1000; *Eldred v. Malloy*, 2 Colo. 20. In the case of *Nimmons v. Westfall*, 33 Ohio St. 213, the rule is stated as follows:

"The original papers and pleadings" on error to the common pleas are sufficiently filed in the district court when placed in the files of the district clerk, "without indorsing thereon additional file marks."

In the case of *Schmuck v. Missouri, K. & T. Ry. Co.*, 85 Kan. 447, 116 Pac. 818, it is said:

"When the party appealing has complied with all that the law requires of him in order to perfect an appeal, his rights cannot be prejudiced, nor can the jurisdiction of this court be defeated, by the failure of the clerk of the trial court to perform a duty which the statute imposes upon him."·

In the case of *Aultman & Co. v. Utsey,* 33 S. C. 611, 12 S. E. 628, the court said:

"Circuit Court Rule 49 provides that 'where a party makes a case or exceptions, he shall procure the same to be filed within ten days after the same shall be settled, or it shall be deemed abandoned.' *Held,* that the appeal will not be dismissed, under this rule, where the case or exceptions were left with the clerk for filing in apt time, though he failed to mark the same 'Filed.' and allowed the original to be taken from his office."

In *Harden v. Card,* 14 Wyo. 497, 85 Pac. 251, it is said by the Supreme Court of Wyoming:

"The bill is also assailed on the ground that it is not indorsed as filed in the court below after it was allowed and signed. * * * It is apparent therefore that, after being signed, the bill was left with the clerk for filing, and his failure to indorse it as filed cannot invalidate it. It is sufficiently shown to have been filed in the clerk's office. (*Board et al. v. Shaffner,* 10 Wyo. 181, 68 Pac. 14).

Evidence will not be received to contradict the record as to the service and filing of notice, but may be received to supply the omitted proof. *Heinlen v. Heilbron,* 94 Cal. 641, 30 Pac. 8; *Elder v. Frervert,* 18 Nev. 284, 3 Pac. 237; *Western U. Tel. Co. v. O'Keefe,* 87 Tex. 423, 28 S. W. 945. Failure of the clerk to do his duty is not chargeable to appellant. *Pauley v. King-Richardson Co.,* 174 Ill. App. 557. It was held in the case of *McDaniel v. Columbus Fertilizer Co.,* 109 Ga. 284, 34 S. E. 598, that causing a bill of exceptions to be actually placed in the hands of the clerk of a trial court within the time prescribed by law for filing the same in his office is all that is required of a plaintiff in error or his counsel. Where a bill of exceptions

was delivered to the clerk for the purpose of being filed within the prescribed time, the omission of the file mark is not proof that it was not filed. *Young v. Gaut,* 69 Ark. 114, 61 S. W. 372; *Eldred v. Malloy,* 2 Colo. 20; *Foster v. Hinsen,* 75 Iowa, 291, 39 N. W. 505. Evidence of filing may be shown by either order, book entry, or certificate of clerk. *Cook v. Fiedler,* 24 Colo. App. 544, 135 Pac. 1109; *Daugherty v. Reveal* (Ind. App.) 102 N. E. 381; *Hoffman v. Isler,* 49 Ind. App. 284, 97 N. E. 188.

The law is equally as imperative requiring the case-made to be served in the manner and within the time required by the statutes, or within such time as may be granted by the court, as it is that the case-made shall be filed in the office of the clerk of the trial court. A failure to do either is fatal to the validity of a valid case-made. This court has held that where it did not appear from the case-made that it had been served within the time prescribed by law, or within the time allowed by the court, extrinsic evidence would be received, showing that said case-made had been so served. *Pioneer Tel. & Tel. Co. v. Davis,* 26 Okla. 205, 109 Pac. 299; *Sutter County v. Tisdale,* 128 Cal. 180, 60 Pac. 757. The same rule applies to the clerk's attaching his seal. *A., T. & S. F. Ry. Co. v. Whitbeck,* 57 Kan. 729, 48 Pac. 16; *Pierce v. Myers,* 28 Kan. 364.

From the foregoing authorities, which we believe are supported by reason and in harmony with just rules of procedure, we hold that in any case pending in this court where the case-made fails to show that same was filed in the office of the clerk of the trial court with the papers in said cause, or that the seal of the clerk has been omitted, or other formal defects in the record appear, and on account of which a motion is made to dismiss such proceeding in this court, if defendant in error, in response to such motion, shows by affidavit or other proper and legal evidence that such case-made has been filed in the office of the clerk of the trial court, and if such evidence is not con-

troverted, this court will accept same as *prima facie* true, and the motion to dismiss will be overruled. In the event said evidence is controverted, if the showing is deemed sufficient, and a motion is made to withdraw the case-made to have same corrected to speak the truth, an order will be made allowing same to be withdrawn for the purpose of correction. If a satisfactory showing is made before the trial court or judge thereof that the case-made or record does not speak the truth, it will be the duty of such trial court or judge, in pursuance to the order of this court, to permit said record or case-made, upon reasonable notice, to be amended *nunc pro tunc,* so as to speak the truth, to the end that justice be done. In that the facts set out in the affidavit of the clerk of the trial court are not denied, it will be unnecessary for the case-made to be withdrawn for the purpose of correction by having the file mark placed thereon, as it appears as a fact and in point of law the case-made was filed with the papers in the cause in the office of the clerk of the trial court, and was then withdrawn for the purpose of filing in this court.

The motion to dismiss will be overruled.

All the Justices concur, except TURNER, J., who dissents.