## BROOKS *et al.* v. UNITED MINE WORKERS OF AMERICA *et al.*

No. 2034. Opinion Filed November 19, 1912.

(128 Pac. 236.)

1. **APPEAL AND ERROR—Case-Made—Filing.** A case-made, duly served, was filed in the clerk's office September 9, 1910. It was not presented to the trial judge until September 28, 1910, when he settled and signed the same. His signature was not attested by the clerk, nor was the case-made refiled in the office of the clerk. **Held,** the first filing by the clerk before the settling and signing by the trial judge was a mere nullity, not being authorized by law, and gave no force or virtue to the purported case-made.

2. **SAME.** The final judgment in the case was entered July 11, 1910. On February 6, 1912, leave was asked by plaintiff in error to withdraw case-made for correction, and same was withdrawn and refiled in the office of the clerk of the trial court. **Held,** that the second filing was void and of no effect, as it occurred more than a year from the date of entry of the final order complained of, and the case-made, not being filed as required by section 6082, Comp. Laws 1909, cannot be considered by this court, as presenting any question for review.

(Syllabus by Robertson, C.)

*Error from Superior Court, Pittsburg County;*
*P. D. Brewer, Judge.*

Action by the United Mine Workers of America and others against R. M. Brooks and others. Judgment for plaintiffs, and defendants bring error. Dismissed.

*Wilkinson & Keith,* for plaintiffs in error.

*Arnote & Rogers,* for defendants in error.

Opinion by ROBERTSON, C. This proceeding in error is from the superior court of Pittsburg county. On March 29, 1912,

defendants in error filed their motion to dismiss the same for that the case-made had not been prepared, served, or filed, as required by statute, until more than one year after the rendition of the judgment in the court below. The final judgment in the trial court was entered on July 11, 1910, and 60 days was given plaintiffs in error in which to make and serve a case-made. The case-made was duly served on September 9, 1910, and filed in the office of the clerk of the superior court of Pittsburg county on the same day. It was settled and signed by Hon. P. D. Brewer, trial judge, on September 28, 1910. On February 6, 1912, more than a year subsequent to the rendition of the final judgment in the case, plaintiffs in error withdrew the case-made from the files of the Supreme Court, and caused it to be filed in the office of the clerk of the superior court of Pittsburg county. Thereafter, and on May 14, 1912, a motion to dismiss the appeal was sustained in this court on the ground that the filing of the case-made in the office of the clerk of the superior court on September 9, 1910, before the same had been settled and signed by the trial judge, was a mere nullity, and did not render it such a case-made as was required by statute, and for the further reason that counsel for plaintiffs in error, realizing that such a filing was of no avail, had sought and obtained permission of this court to withdraw the case-made from the files for the purpose of amending the same, and that said amendment consisted of procuring the refiling of the case-made in the office of the clerk of the superior court of Pittsburg county, and which was done on February 6, 1912, more than a year subsequent to the rendition of the final judgment in the trial court. It is provided in section 6082, Comp. Laws 1909, under which this appeal is prosecuted, that no proceedings for reversing, vacating, or modifying judgments or final orders can be commenced, unless within one year after the rendition of the judgment or making of the final order complained of. A rehearing having been granted on July 18, 1912, application was made for leave to again withdraw the case-made for the purpose of correcting same. On September 23, 1912, there was filed in this court what purports to be a bill of exceptions, showing the steps taken by plaintiffs

in error in their endeavor to correct the original case-made. The attempt to correct, or amend, was made by motion, and discloses, beyond question, the same state of facts upon which the original dismissal was predicated.

It appears that the original case-made was filed in the office of the clerk of the superior court on September 9, 1910, and that the same was thereafter settled and signed by the trial judge on September 28, 1910, without a refiling. The evidence on this point as disclosed by the bill of exceptions shows clearly that the case-made was never filed in the office of the clerk of the superior court at the time, or after the same had been settled and signed by the trial judge, or within one year from the date of the rendition of the final judgment in the case. Before the case-made had been settled and signed by the trial judge, it was not entitled to be filed as such, and the purported filing by the clerk on September 9, 1910, was a mere nullity, and added nothing to the value of the same as a court record. The filing did not make it a case-made, and it never would have become such until settled and signed by the trial judge, within the time provided by law, or in an extension thereof, as might have been provided by the order of the court, and then filed as required by statute.

The action taken in the last attempt to correct the case-made avails nothing. The record before us is not yet a case-made, and can never become one. The time for presenting this appeal has long since elapsed, and no order of this court could give life to a record that never had existence. As was well said by Justice Kane in *Marple v. Farmers' & Merchants' Nat. Bank,* 28 Okla. 810, 115 Pac. 1124:

"It now comes on to be heard upon a motion to dismiss by defendant in error, upon, among others, the following grounds: First, because the case-made on file in this court was never filed in the court below, as provided by law; * * * fourth, because the certificate of the county judge before whom said cause was tried certifying to the case-made now on file in this court was never attested by the clerk of said county court as provided by law. We find that each ground for dismissal assigned is well taken, and, as any one of them will be fatal to the review

of the errors complained of by this court, the motion to dismiss the appeal must be sustained."

It therefore follows that the appeal should be dismissed.

By the Court: It is so ordered.