## GIBBS v. TANNER.

No. 6001.   Opinion Filed September 22, 1914.

(143 Pac. 189.)

**APPEAL AND ERROR — Dismissal — Filing Case-Made.**   A case-made
filed in this court which does not show that it has been filed in the
office of the clerk of the trial court is a nullity, and, where such
a case-made remains in this court after the expiration of the
statutory period in which to perfect an appeal, on motion the
appeal will be dismissed.

(Syllabus by the Court.)

*Error from District Court, Adair County;
John H. Pitchford, Judge.*

Action between John H. Gibbs, individually, and as guardian of Nellie Gibbs, and C. F. Tanner.   From the judgment, Gibbs brings error.   Dismissed.

*Riddle, Bennett & Mitchell,* for plaintiff in error.

*W. P. Harris* and *Gray & McVay,* for defendant in error.

TURNER, J.   Final judgment in this case was rendered and entered November 6, 1913.   Plaintiff in error brings the case here for review by petition in error and case-made.   Defendant in error files his motion to dismiss, alleging as grounds therefor that the pretended case-made does not show that it has been filed with the papers in the case by the clerk of the court in which said cause was tried, as required by section 5254, Rev. Laws 1910, and that the statutory period of six months, allowed by chapter 18, p. 35, Sess. Laws 1910-11, having expired since the rendition of the judgment or final order complained of, the pretended case-made cannot now be withdrawn for correction.   The record is not at variance with the statement of facts set forth in the motion.

The case-made not having been filed in the office of the clerk of the trial court, the same is a nullity, and upon the au-

thority of *Banks et al. v. Watson et al.*, 40 Okla. 450, 139 Pac. 306, and cases therein cited, the appeal must be dismissed. It is so ordered.

All the Justices concur.