## MITCHELL v. LAMBARD-HART REALTY & INV. CO.

No. 11368—Opinion Filed Jan. 2, 1923.

(Syllabus.)

1. **Appeal and Error — Settlement of Case-Made—Validity—Judges.**

A case-made must be settled and signed by the judge who tried the case, and where the case was tried by one judge and case-made is signed and settled by another, and no showing is made as to the inability of the trial judge to do so by reason of any of the provisions of section 5245, Rev. Laws 1910, such case-made is a nullity.

2. **Appeal and Error—Review on Transcript of Record.**

Errors occurring during the trial of the case cannot be presented for review on transcript of the record.

Error from District Court, Pottawatomie County; John L. Coffman, Assigned Judge.

Action by Samuel B. Mitchell against the Lambard-Hart Realty & Investment Company. Judgment for defendant, and plaintiff brings error. Affirmed.

G. A. Outcelt, for plaintiff in error.

Abernathy & Howell and Paul F. Cooper, for defendant in error.

COCHRAN, J. This case was tried in the district court of Pottawatomie county, by John L. Coffman, district judge, and judgment was rendered for defendant. From this judgment the plaintiff has prosecuted his appeal to this court and has attached to his petition in error a case-made which was settled and signed by C. A. Knight. The case-made does not show that any notice was given of the time and place for settlement of the case-made as provided for by section 5242, Rev. Laws 1910. It also contains no showing as to why the case-made was not settled and allowed by the judge who tried the case. Not having been settled and signed by the judge who tried the case, the same is a nullity. Although the record in this case does not disclose an attempt

to prove disputed portions of the case-made before a special judge under the provisions of section 5249, Rev. Laws 1910, it is possible that plaintiff in error was attempting to proceed under the provisions of that section, in having the case-made settled and signed before C. A. Knight; but that question is presented in the Matter of the Last Will and Testament of Harriett H. Cook, Deceased—Davis et al. v. Lambard-Hart Realty & Investment Co.—No. 11403 (this day decided), and it is the opinion of the court that section 5249, Rev. Laws 1910, does not authorize a special judge elected under the provisions of that statute to settle and sign the case-made.

Only errors occurring during the trial of the cause being presented in the petition in error, such errors cannot be reviewed on transcript of the record. Thompson et al. v. Stephens, 73 Oklahoma, 175 Pac. 742; Simpson v. Henderson Sturges Piano Co., 31 Okla. 623, 122 Pac. 174.

The judgment of the trial court is affirmed.

HARRISON, C. J., and KANE, JOHNSON, and NICHOLSON, JJ., concur.