**RANNEY-DAVIS MERCANTILE CO. v. PHELPS, Adm'r, et al.**

No. 13077—Opinion Filed Jan. 16, 1923.

(Syllabus.)

**Appeal and Error — Case-Made — Necessity for Filing in Trial Court.**

A case-made filed in this court which does not show that it has been filed in the office of the clerk of the trial court is a nullity, and where such a case-made remains in this court after the expiration of the statutory time in which to perfect an appeal, on motion the appeal will be dismissed.

Error from District Court, Major County; James B. Cullison, Judge.

Action between the Ranny-Davis Mercantile Company and W. E. Phelps, administra-

tor of estate of C. D. Hunt, and Dallas Hunt. From the judgment, the Mercantile Company brings error. Affirmed.

Henry S. Johnston, C. B. Wilson, and Winfield Scott, for plaintiff in error,

Simons, McKnight & Simons, for defendants in error.

JOHNSON, J. On November 15, 1922, the defendants in error filed a motion to dismiss the appeal in the above entitled and numbered cause upon the grounds—"That no case-made, as required and provided by law, is attached to the petition in error, or has been filed in this court. (2) That no record has been filed in this court by the plaintiff in error which authorizes this court to review the judgment of the court below." No response to this motion has been filed by the plaintiff in error.

An examination of the record discloses that the case-made was not filed or deposited in the office of the court clerk after the same was settled and signed by the trial judge, and that the certificate of the trial judge to the case-made is not attested by the clerk as required by section 5242, Revised Laws of 1910, and that the statutory period of perfecting appeals in this court has long since expired.

This court, in the case of Banks et al. v. Watson et al., 40 Okla. 450, 139 Pac. 306, stated in the syllabus as follows:

"A case-made filed in this court which does not show that it has been filed in the office of the clerk of the trial court is a nullity, and where such a case-made remains in this court after the expiration of the statutory time in which to perfect an appeal, on motion the appeal will be dismissed. * * *" Citing St. Louis, I. M. & S. R. Co. v. Burrow, 33 Okla. 701, 127 Pac. 478; Brooks et al. v. United Mine Workers of America et al., 36 Okla. 109, 128 Pac. 236; Ft. Smith & W. R. Co. v. McKee, 38 Okla. 194, 132 Pac. 497.

These cases have since been followed by this court in the case of Gibbs v. Tanner, 43 Okla. 477, 143 Pac. 189; Waldock et al. v. Sinclair, 83 Okla. 259, 201 Pac. 661.

It, therefore, follows that the motion to dismiss must be sustained. And it is ordered that the appeal herein be dismissed.

KANE, McNEILL, KENNAMER, NICHOLSON, and BRANSON, JJ., concur.