## FEDERAL SURETY CO. et al. v. LITTLE.

No. 19846. Opinion Filed Oct. 13, 1931.

Rehearing Denied March 29, 1932.

Ames, Cochran, Ames & Monnet and Hatchett & Ferguson, for plaintiffs in error.

Reuel W. Little, for defendant in error.

RILEY, J. This is an appeal from an order granting the defendant in error, hereinafter referred to as plaintiff, a new trial. Plaintiffs in error, hereinafter referred to as defendants, contend that the trial court committed error as to a simple and unmixed question of law in granting a new trial, and also grossly abused his judicial discretion.

The action is one for the recovery of damages for alleged breach of a contract for the construction of a building. J. C. Gosdin and N. M. Gosdin, partners, doing business as Gosdin Brothers, were the contractors, and Federal Surety Company was their surety upon a bond given to secure the performance of the contract.

Defendants Gosdin Brothers filed an answer in which they admitted the execution of the contract and alleged, in substance, that they were ready at all times to complete the building under the terms of the contract, but that plaintiff had refused to permit them so to do, and had demanded certain things to be done not called for in the plans and specifications prepared by an architect, and made a part of the contract, and alleged that they had done work and furnished material to the value of $2,500 for which they had not been paid, and prayed for judgment against plaintiff in said sum.

The cause was tried before Honorable Porter Newman, district judge of Marshall county, without a jury, on May 27, 1927, and taken under advisement until July 2, 1927, at which time judgment was rendered for defendants on plaintiff's petition and against them on their cross-petition.

On July 5, 1927, plaintiff filed his motion for a new trial, assigning as grounds therefor that the judgment was contrary to both the law and the evidence, and errors of law occurring at the trial.

For some reason, not explained, no action was taken upon this motion until May 7, 1928, at which time the motion for a new trial was sustained and defendants gave notice of their intention to appeal. On the same day the trial court signed a journal entry of the order granting a new trial, reading as follows:

"Now on this the 7th day of May, 1928, the same being a regular judicial day of the May term of this court, the motion of plaintiff for a new trial came on for hearing in its regular order and the plaintiff, J. W. Little, appearing by his attorney, R. W. Little, and the defendants J. C. Gosdin and N. M. Gosdin, and Federal Surety Company, a corporation, appearing by their attorney of record, Hatchett & Ferguson, whereupon the court heard the argument of counsel and reviewed the facts in the case and being fully advised in the premises, sustained the plaintiff's motion for a new trial and said motion for a new trial is hereby granted. The defendants excepted to the ruling of the court which said exceptions were allowed and notice of appeal was given by defendants."

This journal entry was prepared by plaintiff's counsel, but whether or not it was submitted to defendant's counsel for their approval before being signed by the judge does not appear. Some days thereafter, defendants' counsel prepared a second or supplemental journal entry and presented it to the trial court for his signature, which he signed, and which reads as follows:

"Now, on this the 7th day of May, 1928, the same being one of the regular days of the district court of Marshall county, Okla., there came on to be heard the motion of the plaintiff for a new trial in this cause, which said motion is presented to the court by counsel for both the plaintiff and the defendant, upon the conclusion of which argument, the court makes the following statement, to wit: 'I had this case under advisement for about two months before judgment was rendered. At the time the case was tried, I heard all the evidence and carefully considered it. When I rendered judgment in this case, I thought my judgment was right and still think so. It was the only judgment I could then have rendered and is the only judgment I could render now. If the plaintiff ever gets anywhere with this lawsuit, he will have to materially change his testimony. The plaintiff thinks that he was outraged, and I have decided, after carefully considering the matter, to grant a new trial and to certify my disqualification

as trial judge in this cause, which I now do.'

"Therefore, an order was made by the court sustaining the motion for a new trial as is set forth in a separate journal entry signed herein, to which action of the court the defendants except and their exception is allowed. Thereupon, the defendants gave notice of an appeal to the Supreme Court of Oklahoma, which said notice the clerk is ordered to enter on the minutes. The defendants ask and are granted 90 days from this date in which to prepare and serve case-made for appeal. The plaintiff is granted 10 days after the service of said case-made, in which to suggest amendments. Said case-made to be settled on five days' written notice by either party.

"Appeal or supersedeas bond of said defendants is fixed at the sum of $500, and said defendants shall have 90 days from this date in which to file the same. Said bond to be approved by the clerk of this court."

This journal entry appears at p. 115 of the case-made.

Orders were made extending the time to prepare and serve a case-made to and beyond October 16, 1928. On that date the case-made, as prepared by defendants and with certain amendments thereto suggested by plaintiff, was presented to the court for his approval or disapproval for the purpose of settling and signing the case-made. Certain of the suggested amendments were agreed to by defendants and were granted by the court. The sixth of the suggested amendments called for the striking from the case-made of the second journal entry above mentioned and was resisted by defendants' counsel. When this question was presented to the trial judge, he made the following order:

"This case-made came on to be heard for final settlement on this the 16th day of October, 1928, and it being called to the court's attention that an order was signed by the court on the 7th day of May, 1928, at p. 115 of the case-made, in which it was incorporated a statement as to the reasons why the court granted a new trial, and there being no record made of such statement at the time the motion was granted and no exception thereto being saved by either party as to the statement of the court, the court of his own motion sets aside and holds for naught the journal entry on that date and recorded on p. 115 of the case-made, and adopts in lieu thereof as follows:

" 'That, on the 7th day of May, 1928, the same being a regular day of the district court of Marshall county, Okla., there came on for hearing the motion of plaintiff for a new trial in this case, which said motion was presented to the court by counsel of both sides and after argument of counsel the court granted the motion for a new trial, which order is recorded in case-made on p. 114½ thereof, granting a new trial and notice of appeal was given in said order, but no time fixed in which the appeal was to be made, but an order was duly made and entered in the office of the court clerk allowing 90-10 and 5 for preparing and serving case-made and settling same; thereupon the defendants gave notice of appeal to the Supreme Court of the state of Oklahoma, which said notice was by the clerk entered upon the minutes of the court as required by law, and upon the prayer of the defendants they were granted 90 days from the 7th day of May, 1928, in which to prepare and serve case-made and the plaintiff given ten days, after the service of same in which to suggest amendments, and same was to be settled upon five days' written notice, and supersedeas bond fixed in the sum of $500, and defendants' shall have 90 days from this date in which to file same, which bond is to be approved by the Clerk of the court."

Some contention arose as to whether or not the case-made should be settled and signed with the second journal entry appearing therein, and whether or not the trial court at the time he granted the motion for new trial actually made the remarks or statements ascribed to him in said journal entry as reasons for granting a new trial. The matter was brought to this court under the provisions of section 792, C. O. S. 1921, where an order was made directing that the journal entry be incorporated in the case-made. It, therefore, stands as the remark made by the trial court at the time he granted the motion for a new trial, together with his order setting it aside made on the 16th day of October, 1928.

Defendants, at the outset, conceded that the rule is well settled in this state that this court, on appeal, will not disturb the order of the trial court in granting a new trial unless error has been committed on a pure and unmixed question of law, and that the granting or refusing of a new trial is always a matter largely within the legal discretion of the trial court, and unless it clearly appears that such discretion has been abused the order will not be disturbed.

Defendants earnestly contend that the record presents a case for the application of the rule that this court will review the action of the trial court in granting a new trial, in that they claim the record conclusively shows that the trial court not only committed error as to a plain and simple, unmixed question of law, but also

that he acted in a capricious and arbitrary manner, constituting abuse of discretion.

It is first asserted that the court erred as a matter of law in granting a new trial for the reason that the evidence of plaintiff himself showed that he misconstrued the contract, plans and specifications in that he had insisted that the plans and specifications called for plate glass across the front of the building to a height of seven and one-half feet and panel glass above this to the height of the ceiling of the main room of the building, approximately 17½ feet; that the plans and specifications did not so provide, and that Gosdin Brothers so contended. This appears to have been the principal contention between the owner and contractors, and it was this disagreement that gave rise to the action. The building in question covered four 25 foot lots facing north in block 28, of the town of Madill, Okla. The lots were numbered 9, 10, 11, and 12 from west to east. The building to be constructed was a one-story brick. Plaintiff employed one J. L. Gosdin, a brother of the contractors, to prepare the plans and specifications. Blueprints of the plans were in evidence and are in the record. As originally planned and shown by the blueprints, that part of the building covering lots 11 and 12, or the east half of the building, was to have a single entrance approximately in the center with show windows on either side. The contract provided for a change in the plans so as to provide for two doors or entrances in the north end of the east half of the building, or as expressed in the contract:

"Two 25-foot fronts with show windows on north end of building on lot 12, with panel back as shown in blue print, one show window on each side small enough to allow for front door opening in center. Show window on lot 11 to be same as on lot 12, except panel back is left off, and ceiling over lobby be the same as on lots 9 and 10."

Plate glass six feet high across the entire front was to be set in copper setting 18 inches above the floor. Above the plate glass is shown a transom bar across the entire front about ten inches in width. It is the space on the front of the building above the transom bar up to the ceiling line of the main room that gave rise to the controversy. Defendants concede that the plans call for this space across lot 12 to be filled in with double strength glass panels, but contend that no glass was called for above the transom bar on lots 9, 10, and 11.

Plaintiff apparently concedes that the plans call for no glass across lots 9 and 10, but contends that across lot 11 glass is called for above the transom bar. The original blue print showing the front elevation of the building is in the record, and as to the space above the transom bar shows no difference as between lot 12, and either of the other lots, except as to size of panels. Across lots 9, 10, 12, they are shown to be 24x32, and across lot 11, 26x32. Nothing appears to indicate or show thereon that these panels are to be filled with glass. If glass is called for on lot 12, it can as well be said that glass is called for across the entire front. On the other hand, if no glass is called for across lots 9 and 10, it may be as well said that no glass is called for across the entire front. The specifications are indefinite as to where double strength glass was to be used. All that is said with reference thereto is:

"Glass: All double strength glass shown size in plan put in a wood setting with strips shown as in plan. Plans show size of setting and size of glass to be used."

Another clause of the specifications reads:

"Show windows: A frame work in section A, B, and C, on each side of fifty (50) foot space as shown in the plans. After frame work is to be floored with B and better flooring or oak flooring if required by owner, the difference will be extra to contractor. Show windows in west side to be erected as per plans nine (9) feet high from sidewalk and to be 'sealed' overhead at that height."

Defendants apparently contended at the trial and contend here that the words in this clause, "(9) feet high from sidewalk and to be 'sealed' overhead at that height," mean that no glass was called for above the transom bar.

Plaintiff contended at the trial and contends here that the words, "to be 'sealed' overhead at that height," had reference to the space overhead included in the show windows, and had no reference whatever to that part of the outer wall above the transom bar.

J. L. Gosdin, the architect who prepared the plans, was a witness for defendants and testified, in substance, that, as he understood the plans and specifications as modified by the contract, they called for glass above the transom bar on lot 12, but as to lots 9, 10, and 11, no glass was called for in that space. At the close of direct testimony, the court asked the following:

"Q. As I understood the explanation of the blue prints and contract the building on lot 12, the glass front extends to the ceiling; the building on lots 11, 10, and 9, the glass front extends to the——"

Before the question was completed the witness interrupted with his answer, as follows:

"A. Transom bar line and no further, and that is here over the window."

When asked on cross-examination how high above the floor the ceiling of the show windows was to be placed, he answered, approximately 16 feet above the sidewalk. The specifications apparently called for nine feet.

J. C. Gosdin and N. M. Gosdin, the contractors, both testified as to their interpretation of the plans and specifications as modified by the contract substantially the same as the architect.

From the plans and specifications and the contract and the testimony of witnesses there was some room for the contention made by each side. Notwithstanding the confident assertion of defendants' attorneys, an examination of the record discloses that the evidence is not so conclusively all one way as to compel a decision in their favor. There is room for wide difference of opinion as to whether or not plaintiff was wrong in his contention. Much depends upon the weight and credit to be given the testimony of the witnesses. Without expressing any opinion on the weight of the evidence, we think it falls far short of conclusively showing that the plaintiff insisted that Gosdin Brothers, the contractors, do something which they were not obliged to do under their contract, and thereby gave the contractors just cause for abandoning the contract.

In Isaacs v. Tull, 131 Okla. 138, 267 P. 1049, this court in discussing the duty of the trial judge in passing upon a motion to set aside the verdict of the jury and grant a new trial, said:

"Upon motion to set aside the verdict of the jury and grant a new trial, the trial judge must make answer to his sound judicial judgment as to whether the verdict of the jury is fairly responsive to right and justice. If he is clearly convinced that the verdict is one of great injustice, he should set it aside and grant a new trial. Of course, the trial judge should not arbitrarily and capriciously set aside the verdict of the jury. He should calmly and deliberately weigh such motion in the light of the evidence and circumstances in the case.

"The authority and power given to the trial judge imposes upon him a position of great trust and confidence, and in the administration thereof he should wisely and cautiously use the power given him and with only one end in view, that of admin'stering right and promoting justice, which, after all is the ultimate aim of the law."

Here we are not dealing with a case wherein the verdict of the jury is involved. The trial court had before it the question of whether or not his own findings and judgment should be set aside. It was a matter peculiarly addressed to his own mind and conscience as well as his judicial discretion. Defendants earnestly contend that the remarks made by the trial judge at the time he passed upon the motion for a new trial show a perfect illustration of abuse of judicial discretion. The statements referred to are as follows:

"I had this case under advisement for about two months before judgment was rendered. At the time the case was tried, I heard all the evidence and carefully considered it. When I rendered judgment in this case, I thought my judgment was right and still think so. It was the only judgment I could then have rendered and is the only judgment I could render now. If the plaintiff ever gets anywhere with this lawsuit, he will have to materially change his testimony. The plaintiff thinks that he was outraged and I have decided, after carefully considering the matter, to grant a new trial and to certify my disqualification as trial judge in this cause, which I now do."

Some contention is made by plaintiff that the court never did, as a matter of fact, make the statements as set forth in the journal entry, but that matter is now settled and we must treat them as remarks of the court made at the time. If the court actually thought what the statement says, there would appear no good reason whatever for setting aside his findings theretofore made and the judgment based thereon. When these statements were called to his attention when called upon to settle and sign the case-made, he promptly made an order setting aside the journal entry containing the same. Plaintiff contends that this last order being made during the same term at which the new trial was granted, it was within the power of the court to so modify his record and set aside the reasons theretofore assigned for granting the new trial, and that the case should be treated here as though the remarks or statements had never been made. It is difficult to understand how the trial court could set aside his reasons for granting a new trial and assign some other reason therefor five months after his action. It might have been that he had reasons other than those expressed at the time of his granting a new trial. He finally gave, and these are the last words on the subject, as his reasons for granting a new trial, the following:

"For the reason that at the time I

granted the motion for a new trial I thought that the court might be mistaken both as to the law and the facts in the case and was willing to give the plaintiff the benefit of the doubt, and give him an opportunity to have a new trial."

The rule is well established in this state that oral remarks made by a trial judge when about to enter an order or judgment, though incorporated in a case-made, cannot be considered by this court upon appeal. Holt v. Spicer, 65 Okla. 17, 162 P. 686; Gus v. Nelson, 14 Okla. 296, 78 P. 170; Ruby v. Warrior, 71 Okla. 82, 175 P. 355. In the latter case it was held:

"Where, at the conclusion of a trial had before the court without a jury, the court orally makes general observations as to the law and facts involved in the case, and where no special findings of fact and conclusions of law are asked for, and where the findings and judgment of the court are embodied in journal entries, the general oral observations of the court perform no office in a case-made, and cannot be considered by this court on appeal from a judgment of the trial court for the purpose of impeaching such judgment."

But here the remarks are incorporated in a journal entry signed by the judge and purported to give his reasons, and presumably all his reasons, for granting the new trial. As pointed out in Hall v. Polson, 130 Okla. 136, 265 P. 1068, there are nine grounds provided in section 572, C. O. S. 1921, for granting a new trial. These are said to be exclusive. If any one or more of them are set up as grounds for a new trial, and found to exist, a new trial should be granted as a matter of right. Of these nine grounds the plaintiff set up but two in his motion for a new trial. The trial court, though he made two trials at assigning a reason for his order, did not at any time assign one of the nine statutory grounds. He first said, in effect, that he was granting a new trial because the plaintiff felt that he had been outraged, and at last said that he thought at the time he granted the new trial he might be mistaken as to the law and the facts, and was willing to give the plaintiff the benefit of the doubt and give him the opportunity to have a new trial.

In De Meglio v. Studebaker Corp., 73 Okla. 177, 175 P. 342, it was held:

"It is the duty of the trial court, upon a motion for a new trial, which challenges the verdict upon the ground that it is contrary to the evidence, to weigh the evidence and to approve or disapprove the verdict, and if the verdict is such that in the opinion of the trial court it should not be permitted to stand, and it is such that he cannot conscientiously approve it, and he believes it should have been for the opposite party, it is his duty to set it aside and grant a new trial."

In Hall v. Polson, supra, it was said:

"As we view it, the trend of the decisions of this court has been too broad as applied to motions for new trial in law actions, where a jury passes upon disputed facts, and where there is a conflict in the evidence; moreover, when such a motion is sustained, we think it far better practice on the part of trial courts to state in the record the ground upon which the court sustains or overrules such a motion."

From the statements contained in the journal entry signed by the judge it appears that he did weigh the evidence. He said he thought his prior judgment was right at the time he gave it, still thought so at the time he was passing upon the motion for a new trial. He not only said that he thought his former judgment was right, but that he thought it was the only judgment he could render at the time it was rendered. He also said he thought it was the only judgment he could render at the time he passed upon the motion for a new trial. Clearly, then, he did not disapprove his former finding and judgment, nor did he state that he thought the judgment should have been for the other party. Not only that, but in almost express language he at that time approved his former finding and judgment, for he said:

"I thought my judgment was right, and still think so."

He weighed the evidence in the first instance and rendered his judgment accordingly. He again weighed the evidence in considering the motion for a new trial, and again said in effect that he thought the weight thereof was with the defendants. Yet, apparently, he entered his order in direct opposition to what he thought at the time the judgment should be.

In 4 C. J. 832, the rule with reference to the discretion to be exercised by the trial court is stated:

"Nevertheless, according to the weight of authority, the discretion which the trial court may exercise in passing on motions for new trial is a legal and not an arbitrary one, and in case of an abuse thereof it is subject to review and control."

And again, in 46 C. J. 409:

"The discretion vested in the court is not an arbitrary or capricious discretion, but rather a legal, judicial discretion, to be exercised according to, and within the bounds of law and reason."

In Vickers v. Philips-Carey Co., 49 Okla. 231, 151 P. 1023, Mr. Justice Sharp, speaking for the court, said:

"And so we think the rule is and should be. The 'discretion' spoken of in the authorities is a legal discretion; a discretion to be exercised in discerning the course prescribed by the law, according to principles ascertained by adjudged cases. * * *

"Courts are the mere instruments of the law, and can will nothing. Judicial power is not exercised for the purpose of giving effect to the will of the judge, but always for the purpose of giving effect to the will of the law. To one coming within the rule announced, a new trial should be given as a matter of right, not merely as a result of the exercise of the court's will, So, on the other hand, where the court grants a new trial, but in doing so disregards the rules of law controlling the exercise of the power, its action presents a question of law reviewable on appeal."

In the instant case, if the trial court had, upon mature reflection and again weighing the evidence, been of the opinion his former judgment was contrary to the law and the evidence and was such that he could not then conscientiously approve it under the evidence, it would follow that it was his plain duty to grant the plaintiff a new trial as a matter of right. But, upon the other hand, if the trial court, as appears from the record, in all good conscience thought, upon mature reflection and upon again weighing the evidence, that his former finding and judgment were correct, and the only one that he could then make and enter if called upon then to make his findings and enter judgment, it was his plain duty to deny the motion. Instead thereof, he granted the new trial apparently upon the sole ground that the plaintiff felt he had been outraged.

From the record as a whole, it appears the order granting a new trial was in direct conflict with the requirements of the law and was an abuse of discretion upon the part of the trial judge.

It is urged that this appeal should be dismissed for the reason that the case-made as signed, settled, and certified to by the trial court, in pursuance of an order of this court, was never filed in the court clerk's office in the court below.

This motion to dismiss has been denied by this court. It was properly denied for two reasons:

First. The errors complained of appear upon the face of the record proper, and the record is properly certified to as a transcript. The record containing all of the orders of the court made with reference to the granting of a new trial, including the journal entry containing the statements set forth, were certified to by the court clerk under the seal of the court on the 31st day of October, 1928.

Second. The case-made was settled and signed by the trial court on the 16th day of October, 1928, as to all matters except the controverted question as to whether or not the journal entry signed by the judge giving his reasons for granting the new trial should be incorporated therein. This journal entry was contained in the case-made thus settled and signed, which case-made was filed in the court clerk's office October 17, 1928.

The question was then presented to this court as to whether or not the journal entry so signed should be incorporated in the case-made under the provisions of section 792, C. O. S. 1921. Showing was made that the trial court would not be in session in Marshall county in time to allow the settlement of the case-made in time to file same in this court.

Section 792, supra, in such cases provides:

"The appellate court, or any justice thereof, may upon notice and hearing settle the facts in dispute and make the order to be included in the case-made."

The matter was by this court referred to the referee of this court, who, upon notice, took evidence and made his finding and recommendation to this court, whereupon this court made the following finding and order:

"And this court further finds that the plaintiff in error is entitled to have said remarks incorporated in the case-made to be filed in this court with the petition in error upon appeal and that this order should be made a part of the case-made to be signed and settled by the trial judge as hereinafter directed as evidence of the facts herein found.

"And, it appearing to the court that the case-made in all other respects has heretofore been duly settled and signed as required by law by the Honorable Porter Newman and that no necessity for further notice of final settlement exists,

"It is therefore ordered, adjudged, and decreed that this order be attached to and made a part of the original case-made and that thereupon the Honorable Porter Newman shall forthwith settle and sign the case-

made as herein directed without further notice to opposing party.

"(Signed) Fred P. Branson,
"Chief Justice."
"Attest: Jessie E. Moore, Clerk.
"By: Jessie Pardoe, Deputy.

This, we think, is a complete compliance with the provisions of the statute. However, the case was presented to the trial judge again, who made a second certificate settling and signing the case-made, which signature was attested by the court clerk under the seal of the court.

The verity of the case-made is thus completed by the certificate of the trial court to the case-made except as to the disputed question settled by this court, duly attested and filed in the office of the court clerk in proper time and by the order of this court as to the disputed question. The only object of requiring the attestation of the signature of the trial court to the certificate signing and settling the case-made is that this court may know that the signature is genuine. The object of requiring the case-made to be filed in the office of the court clerk is that this court may know that it is considering the proper record. By the circumstances in this case, no useful purpose could be served by requiring the case-made to be again filed in the office of the court clerk.

The order granting a new trial is reversed and the cause is remanded, with directions to reinstate the judgment in favor of defendants.

CULLISON, SWINDALL and ANDREWS, JJ., and WILLIAMS, Special Judge, concur. CLARK, V. C. J., and HEFNER, McNEILL, and KORNEGAY, JJ., dissent. LESTER, C. J., disqualified.

CLARK, V. C. J. (dissenting). The record in this case discloses that on July 7, 1925, J. W. Little entered into a contract with Gosdin Brothers to erect a store building in the city of Madill, Okla., for the principal sum of $9,000. That on the 17th day of July, 1925, the Federal Surety Company executed a bond in the sum of $2,500 with said Gosdin Brothers, as principal, said surety company as sureties, and J. W. Little the obligee in said bond, for the payment to the said J. W. Little against any loss or damages directly arising by reason of the failure of said Gosdin Brothers to faithfully perform said contract.

Thereafter said Gosdin Brothers began work on said building and continued until October 24, 1925, on which date, notwithstanding the erection of said building had not been completed in accordance with plans and specifications, said Gosdin Brothers abandoned said work and, according to the testimony of J. C. Gosdin, at page 81 of the record, without notifying Mr. Little that said Gosdin Brothers did not intend to finish the building. Testimony as follows:

"Q. Did you tell Mr. Little that you were going to quit the building and that you wouldn't finish it? A. No, sir."

Prior to the time Gosdin Brothers abandoned the erection of said building, Mr. Little had paid the sum of $6,424.12; the contract price for the completion of said building was $9,000. Mr. Little was compelled to finish said building at a cost of $4,068.21 in addition to the $9,000 contract price. Suit was brought by Little against Gosdin Brothers and the Federal Surety Company, who executed the bond, and asked for judgment for $4,068.21 against Gosdin Brothers and judgment in the sum of $2,500 against Federal Surety Company.

Gosdin Brothers answered and in their answer contend that Little discharged them from said work, declared a cancellation of said contract, and took charge of the property himself, and asked for judgment against Little in the sum of $2,005, claiming they were entitled to recover the same on quantum meruit, for the value of services in excess of amount paid on the contract.

The evidence failed to establish that Little discharged Gosdin Brothers or took charge of said building until after Gosdin Brothers had abandoned said work, without notice to Little, and failed and refused to carry out their contract.

The Federal Surety Company answered, admitted the execution of the bond, and contends that the bond specifically provided that plaintiff was to retain 10 per cent. of said contract price until the full performance of said contract on the part of Gosdin Brothers; and that plaintiff had breached the conditions of said bond, in that plaintiff did not retain any portion of the contract price as the work progressed, but, on the contrary, more than paid said Gosdin Brothers the full amount of the contract price up to the time they ceased to work on said building, by reason of which facts the Federal Surety Company is in no way liable to the plaintiff in this cause.

This cause came on for trial before the court, and on July 2, 1927, after having the case under advisement, the court entered its

judgment in favor of the defendants on petition of plaintiff and in favor of plaintiff on a cross-petition of defendants' action for damages.

Thereafter plaintiff, J. W. Little, filed a motion for a new trial and his grounds therefor were stated as follows:

1. "That the verdict and decision of the court trying said cause without the intervention of a jury is not sustained by sufficient evidence and is contrary to law.

2. "That the decision of the court in this cause, denying the plaintiff any relief, is contrary to both the law and the evidence.

3. "Error of law occurring at the trial and excepted to by said plaintiff."

Said motion for new trial came on to be heard on the 27th day of May, 1928, and the court made and entered the following order:

"Now, on this the 7th day of May, 1928, the same being a regular judicial day of the May term of this court, the motion of plaintiff for a new trial came on for hearing in its regular order and the plaintiff, J. W. Little, appearing by his attorney, R. W. Little, and Federal Surety Company, a corporation, appearing by their attorney of record, Hatchett & Ferguson, whereupon the court heard the argument of counsel and reviewed the facts in the case and being fully advised in the premises, sustained the plaintiff's motion for a new trial and said motion for a new trial is hereby granted. The defendants excepted to the ruling of the court which said exceptions were allowed and notice of appeal was given by defendants."

The order granting a new trial was filed with the court clerk on the 7th day of May, 1928, and recorded in journal entry 10 at page 448. Thereafter, on June 23, 1928, the following was filed with the clerk of the court in this cause:

"Now, on this the 7th day of May, 1928, the same being one of the regular days of the district court of Marshall county, Okla., there came on to be heard the motion of the plaintiff for a new trial in this cause, which said motion is presented to the court by counsel for both the plaintiff and the defendant, upon the conclusion of which argument, the court made the following statement, to wit: 'I had this case under advisement for about two months before judgment was rendered. At the time the case was tried, I heard all the evidence and carefully considered it. When I rendered judgment in this case, I thought my judgment was right and still think so. It was the only judgment I could then have rendered and is the only judgment I could render now. If the plaintiff ever gets anywhere with this lawsuit, he will have to

materially change his testimony. The plaintiff thinks that he was outraged and I have decided, after carefully considering the matter, to grant a new trial and certify my disqualification as trial judge in this cause, which I now do.'

"Therefore, an order was made by the court sustaining the motion for a new trial as is set forth in a separate journal entry signed herein, to which action of the court the defendants except and their exception is allowed. Thereupon, the defendants gave notice of an appeal to the Supreme Court of Oklahoma, which said notice the clerk is ordered to enter on the minutes. The defendants ask and are granted 90 days from this date in which to prepare and serve case-made for appeal. The plaintiff is granted 10 days after the service of said case-made, in which to suggest amendments. Said case-made to be settled on five days' written notice by either party."

"Appeal or supersedeas bond of said defendants is fixed at the sum of $500, and said defendants shall have 90 days from this date in which to file the same. Said bond to be approved by the clerk of this court."

In this journal entry there appear statements of the trial judge which are relied on in the majority opinion and which are held as the sole and only grounds for reversal of this case. This journal entry was not recorded in the court below and was not a part of the case-made at the time the case-made was filed in the court below.

This matter came on for hearing upon the signing and settling of the case-made and the court made this statement:

"This case-made came on to be heard for final settlement, now on this 16th day of October, 1928, and it being called to the court's attention that an order was signed by the court on the 7th day of May, 1928, at page 115 of the case-made in which it was incorporated, a statement as to why the court granted a new trial and there being no record made of such statement at the time a motion was granted and no exceptions thereto being saved by either party as to the statements of the court, the court of his own motion sets aside and holds for naught the journal entry on that date and recorded on page 115 of the case-made and adopts in lieu thereof as follows:"

The court in making this statement followed the rule announced by this court in the case of Rosenfield v. Nelson, 102 Okla. 81, 226 Pac. 1032, which holds that to incorporate a remark of an attorney in a case-made, exceptions must be taken at the time and must be incorporated by a bill of exceptions, or by the reporter taking the re-

marks and exceptions saved thereto; Mr. Justice Cochran, speaking for the court, says:

"This question cannot be reviewed by this court, because the same is not incorporated in the case-made by a bill of exceptions, or otherwise, except by affidavit and counter-affidavit. It could be incorporated in the case-made, either by a stenographer's transcript of the argument or by a bill of exceptions, prepared and signed by the trial judge, but it cannot be incorporated for review by affidavit filed in connection with a motion for a new trial."

Thereafter, upon application to this court, this court made an order that the trial court incorporate in case-made the second journal entry filed in the district court 45 days after the motion for a new trial had been granted and the judgment of the court recorded.

Complying with the order of this court, the trial court did, on the 30th day of October, 1928, sign and settle said case-made, which order and signing and settling of the same is as follows:

"Final Certificate of Trial Judge Settling Case-Made Herein.

"This is to certify that the within and foregoing case-made and the amendments thereto have been duly served in due time and the amendments thereto duly served within the proper time and the same was duly submitted to me for signing and settling as provided by law by the parties in said action; that the same as hereinbefore set forth and as corrected by me and by the Supreme Court of the state of Oklahoma, is true and correct, and contains a true and correct statement of all pleadings, papers, files, motions, orders, demurrers, rulings, evidence, objections thereto, rulings thereon, all exceptions taken and allowed, and all of the findings and proceedings had, and all of the records upon which the journal entry of judgment was made and entered in said cause.

"And I hereby certify, allow, settle and sign the same as a true, correct and complete case-made, and hereby order and direct that the court clerk of Marshall county, state of Oklahoma, duly attest the same with the seal of his office attached, and that he file same of record as by law required and provided.

"Given under my hand this 30th day of October, 1928.

"Porter Newman,
"District Judge.

"Attest:

"J. M. Riddle, Court Clerk.

"By Rose Hagman, Deputy.

"Seal"

The case-made, so signed, settled, and certified to by the trial court in pursuance of an order of this court, was not filed in the court clerk's office in the court below. The incomplete case-made shows to have been filed in the district court October 17, 1928. The complete case-made was filed in this court November 5, 1928, but was not filed in the court below after the final signing and settling of the case-made by the trial court on the 30th day of October, 1928. Under the records in this case, the case-made presents nothing to this court for review and the cause should be dismissed for failure to file the same in the court below.

This court, in Brooks v. United Mine Workers of America, 36 Okla. 109, 128 Pac. 236, in syllabus paragraphs Nos. 1 and 2, said:

1. "A case-made, duly served, was filed in the clerk's office September 9, 1910. It was not presented to the trial judge until September 28, 1910, when he settled and signed the same. His signature was not attested by the clerk, nor was the case-made refiled in the office of the clerk. Held, the first filing by the clerk before the settling and signing by the trial judge was a mere nullity, not being authorized by law, and gave no force or virtue to the purported case-made."

2. "The final judgment in the case was entered July 11, 1910. On February 6, 1912, leave was asked by plaintiff in error to withdraw case-made for corrections, and same was withdrawn and refiled in the office of the clerk of the trial court. Held, that the second filing was void and of no effect, as it occurred more than a year from the date of entry of the final order complained of, and the case-made, not being filed as required by section 6082, Comp. Laws 1909, cannot be considered by this court, as presenting any question for review."

At page 111 of this case, the court said:

"Before the case-made had been settled and signed by the trial judge, it was not entitled to be filed as such, and the purported filing by the clerk on September 9, 1910, was a mere nullity, and added nothing to the value of the same as a court record. That filing did not make it a case-made, and it never would have become such until settled and signed by the trial judge, within the time provided by law, or in an extension thereof, as might have been provided by the order of the court, and then filed as required by statute."

The motion to dismiss was, by the court, sustained.

This rule, so announced by this court, has been consistently followed and said rule, so

announced, was followed in the following cases: Davis v. De Geer, 91 Okla. 112, 216 P. 156; Ranney Davis Merc. Co. v. Phelps, Adm'r, 88 Okla. 114, 212 Pac. 310; Bilby v. Steil, 86 Okla. 123, 206 P. 830; Harmon v. McCormack, 42 Okla. 63, 135 P. 1052; Montemat v. Johnson, 42 Okla. 443, 141 P. 779; Ft. Smith & W. R. v. McKee, 38 Okla. 194, 132 P. 497; Hope v. Peck, 38 Okla. 531, 134 P. 33; In re Cook's Will, 88 Okla. 301, 213 P. 78; Mitchell v. Lambard Hart Realty Co., 88 Okla. 68, 211 P. 494; Waldock v. Sinclair, 83 Okla. 259, 201 P. 661.

This case-made came on before the trial court for final settlement on the 16th day of October, 1928. The court after striking the journal entry complained of, the second journal entry, refused to include the same in the case-made. Application was made to this court to have the same included in the case-made. It is contended by plaintiffs in error, and the majority opinion holds, that this was a case-made before this was included in it, and being a case-made on the 16th day of October, 1928, and being filed in the court clerk's office on the 17th day of October, 1928, the statutes requiring case-made to be filed had been complied with.

This holding permits the plaintiffs in error to come before this court contending that plaintiffs in error did not have a case-made sufficient to perfect their appeal and induced this court to make an order requiring the trial court to complete said case-made by inserting therein the second journal entry on motion for a new trial, so that plaintiffs in error might have a complete record to attach to petition in error and file in this court. They should not now be permitted to change front and contend that it was a complete case-made prior to the inserting therein of the journal entry, which is relied on solely by the majority opinion for reversal of this cause. The final certificate of trial judge settling case-made was dated the 30th day of October, 1928, and after that final certificate the case-made was not filed in the court below, and not being filed in the court below, as required by the statutes, under the numerous decisions of this court heretofore cited, this cause should be dimissed as said by this court in Brooks v. United Mine Workers of America, supra: "The filing by the clerk before the same had been settled and signed by the trial judge was a mere nullity, not being authorized by law."

Section 782, C. O. S. 1921, in reference to "Appeals—how taken," states:

"The proceedings to obtain such a reversal, vacation or modification shall be by petition in error filed in the Supreme Court setting forth the error complained of," etc.

Section 783, C. O. S. 1921, provides in part as follows:

"Case-made attached—costs. In all actions hereafter instituted by petition in error in the Supreme or other appellate court, the plaintiff in error shall attach to and file with the petition in error the original case-made, filed in the court below, or a certified transcript of the record of said court."

Section 785, C. O. S. 1921, provides in part:

"Case-made—how served. * * * The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case."

The record shows that the second journal entry had been stricken from the case-made on October 16th by the trial judge and was no part of the record or case-made on October 17th, the date the incomplete case-made was filed in the court below.

Section 785, C. O. S. 1921, supra, provides in part:

"* * * The case and amendments shall, upon three days' notice, be submitted to the judge, who shall settle and sign the same, and cause it to be attested by the clerk, and the seal of the court to be thereto attached. It shall then be filed with the papers in the case. * * *"

The case and amendment was submitted to the trial judge on October 30, 1928, and was signed and settled by him and the mandatory provisions of the statutes provided:

"It shall then be filed with the papers in the case."

This was not done, and under the holdings of this court heretofore cited, said case-made presents nothing to this court for review, for the reason the same was not filed with the amendments therein contained, after the same was signed and settled by the trial judge.

At page 10, the majority opinion states:

"It is urged that this appeal should be dismissed for the reason that the case-made as signed, settled, and certified to by the trial court, in pursuance of an order of this court, was never filed in the court clerk's office in the court below.

"This motion to dismiss has been denied by this court. It was properly denied for two reasons:

"First: The errors complained of appear upon the face of the record proper, and the record is properly certified to as a transcript.

The record containing all of the orders of the court made with reference to the granting of a new trial, including the journal entry containing the statements set forth, were certified to by the court clerk under the seal of the court on the 31st day of October, 1928."

Under the holdings of this court the errors complained of cannot be considered on transcript.

This court, in Kershaw, Rec., v. Board of Commissioners, Muskogee County, 135 Okla. 302, 275 P. 621, in the third paragraph of its syllabus, said:

"A motion for a new trial and an order overruling the same are no part of the record of the trial court which can be brought to this court by transcript."

In the case of Eoff v. Seekatz, 136 Okla. 145, 276 P. 741, in the second paragraph of the syllabus, this court said:

"An appeal by certified transcript presents only such errors as appear upon the judgment roll, and in order to present errors alleged to have occurred on the trial of the cause or errors involving motions, the record must be presented by bill of exceptions or case-made."

The second journal entry cannot be considered by this court for the reason the same does not appear of record in the court below.

This court, in the case of Grand Lodge Brotherhood of Railroad Trainmen v. Scott, 135 Okla. 74, 274 P. 27, in the first paragraph of the syllabus, said:

"The case-made must affirmatively show that the judgment appealed from has been entered on the journal of the trial court."

This court, in the case of Lillard v. Meisberger, 113 Okla. 228, 240 P. 1067, in the third paragraph of the syllabus, said:

"A record which fails to contain a copy of the final order or judgment sought to be reviewed, and in which it is not made to appear that the same is of record in the trial court, presents no question to this court for its determination, and the appeal will be dismissed."

In the case of Carson v. State ex rel. Dudley, Co. Atty., 137 Okla. 153, 278 P. 392, this court in the syllabus said:

"A record which fails to contain a copy of the final order or judgment sought to be reviewed, and which does not disclose that the same is of record in the trial court presents no question to this court for its determination, and an appeal based thereon will be dismissed."

So, the second journal entry, not being of record in the court below, the same being

an order granting a new trial, cannot be considered by this court as a part of a transcript, neither can it be considered a part of the case-made or as an order of the court, and the same presents nothing to this court for review and this cause should be dismissed.

The holding of this court that the order of the court granting a new trial may be invalidated by remarks of the court contained in this journal entry is contrary to the settled rule involving such question. The motion for a new trial asks for a new trial on the grounds that the judgment of the court is not sustained by sufficient evidence and was contrary to law; that the decision of the court, denying plaintiff any relief, is contrary to both law and evidence; errors of law occurring at the trial and excepted to by plaintiff. These were the three grounds upon which the court could, and a careful examination of the record shows, should, have granted plaintiff below a new trial. The court erred in admitting evidence, as disclosed at page 77 of the record:

"Q. You and your brother made this contract with Mr. Little? A. Yes, sir. Q. Who drew the plans for the job? A. J. L. Gosdin, my brother. Q. When you finally contracted, what was the understanding between you and your brother with reference to the front on lot 11 of this building? By Mr. Rider: Objected to, incompetent, irrelevant and immaterial, the contract being the best evidence. By the Court: Overruled. By Mr. Rider: Exception. Q. What was the agreement between you and your brother and Mr. Little with reference to how high the glass should go on the front of lot—By the Court: You are asking him the agreement he understood—it has been reduced to writing. He may state what his construction was of that contract on lot 11."

This testimony was clearly inadmissible, as the contract was the best evidence, and the construction of the contract should have been left to the court and not to the witnesses.

There are many other errors in the record justifying the court in granting a new trial. The burden was on the defendants to show impossibility of carrying out the contract; this burden was not met and the evidence shows, by witnesses who were the contracting parties, that defendants below quit the job and abandoned the same without giving notice to Mr. Little of their intention to quit and abandon it. There is no testimony to show that defendants were forced to quit and abandon the same without giving notice to Mr. Little of their intention to quit and abandon it. There is no testimony to show

that defendants were forced to quit and abandon the building; the defense was frivolous.

Assuming that the second journal entry was of record in the court below, that the same was incorporated in the case-made at the time the case-made was signed and settled by the trial court, and that the same was then filed in the court below, which I do not concede, the same is insufficient, under the record in this case, to justify this court in reversing the action of the trial court in granting a new trial.

The plaintiff presented three grounds which would authorize the court in granting a new trial. In the order granting a new trial none of the three grounds were excluded as the grounds for a new trial and the statement of the court as to his reasons for granting a new trial was not exclusive. This court must presume, in the absence of an order of the court excluding the statutory grounds presented in a motion for a new trial, that the court granted the new trial on the statutory grounds; to hold otherwise, as held in the majority opinion, deprives the plaintiff below, defendant in error, of the right to have the three statutory grounds set up in his motion for a new trial passed on by the trial court. Before it can be said that the grounds for a new trial contained in the motion for a new trial are not good, the trial court must find and make an order finding said grounds insufficient.

In this case the court granted a new trial; the presumption must be that all the statutory grounds on which the plaintiff below, defendant in error, asks for a new trial were found by the court sufficient, for the reason the judgment of the court was that plaintiff have a new trial.

It was admitted in the oral argument of this case by plaintiffs in error that without the statements contained in the second journal entry this record would present nothing to this court justifying this court in reversing the judgment of the trial court. The holding in the majority opinion has the effect of holding that if the court gives the wrong reason for granting a new trial, regardless of how many valid and statutory reasons exist at the time the new trial is granted, the same cannot be considered by this court on appeal.

This court, in Gibson v. Van Leuven, 147 Okla. 217, 296 P. 412, in the first, second, and third paragraphs of the syllabus, said:

1. "Where a case is tried by jury, and a general verdict rendered, and the trial court sets the verdict aside, and grants a new trial, and proceedings in error are brought to review the action of the court in granting the new trial, this court will review the entire record, and sustain the order whenever the matters shown in the record warrant the making of the order, even though the lower court assigns a wrong reason for making the order."

2. "The trial court could not, by stating in its order that a new trial should be granted for one reason and denied upon others, deprive a party of the right to review of the entire record, where an order sustaining a motion for new trial is appealed from, nor thus limit the jurisdiction of this court upon such appeal to a consideration of the reasons stated. Upon an appeal from such an order, the court will review the entire record, and if the order was properly made, even though a wrong reason was given therefor, the same will be sustained."

3. "The granting of a new trial rests so much in the discretion of the trial court that the Supreme Court will not reverse such an order unless it is made to clearly appear that the trial court has erred in respect to some pure, simple, and unmixed question of law, and unless it can be seen that but for such error a new trial would not have been granted."

In this case, at page 219 of 147 Okla. Reports (page 414 of the Pacific Reporter), this court cites the following cases in support of the rule announced therein:

"The rule as to the duty of the appellate court on appeals from orders granting new trials has been laid down in the case of St. Louis & San Francisco Ry. Co. v. Wooten, 37 Okla. 444, 132 P. 479, as follows: 'The discretion of the trial court in granting a new trial is so broad, that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.'

"In the case of Conservative Loan Co. v. Saulsbury et al., 75 Okla. 194, 182 P. 685, as follows: 'The discretion of the trial court in granting a new trial is so broad that its action in so doing will not be disturbed on appeal unless the record shows clearly that the court has erred in its view of some pure and unmixed question of law, and that the order granting a new trial is based upon such erroneous view of the law.'

"In the case of Tiger v. McCallom, 89 Okla. 249, 214 P. 194, as follows: 'Ordinarily the Supreme Court will not review the action of the trial court in exercising its discretionary power in granting a new trial; yet this court may reverse such order where the record shows clearly that the court

has erred in its views on an unmixed question of law that is decisive of the case'."

In the Van Leuven Case, supra, the court, in its order granting a new trial, stated that the new trial was granted:

"* * * on the sole ground that the jury erred in the amount of the assessment of defendant's recovery, same being only for $1 and costs, whereas the evidence of the defendants authorized a larger amount, in the event the issues were found in favor of the defendants. The court finds no other error in the trial of this case and further finds that there is no other ground in plaintiff's motion for a new trial that would warrant the court in granting a new trial to the plaintiff."

Here the court excluded all other grounds except the ground that the amount of recovery was too small. In the case at bar, none of the statutory grounds for a new trial contained in defendant in error's motion for a new trial was excluded in the judgment of the court granting a new trial. So, the presumption must be that the court considered all statutory grounds so presented in the motion for a new trial and considered the same sufficient.

In the case of Weisser v. Southern Pacific Ry. Co., 83 P. 439, the Supreme Court of California in the first, second, and third paragraphs of syllabus, announces the following rule:

1. "A copy of a letter written by the judge to appellant's counsel, stating the grounds upon which he granted the new trial, which grounds were not shown in the order for new trial, constituted no part of the record on appeal."

2. "A general order granting a new trial entered on the minutes of the court cannot be limited by an independent writing stating the grounds on which the trial is granted."

3. "Though an order for new trial specifies the grounds upon which it was granted, the action of the court in stating such grounds cannot restrict the Supreme Court to the grounds so specified for the purposes of ascertaining whether or not a new trial should have been granted, except upon the single question as to the sufficiency of conflicting evidence."

In the case of Butte & B. Min. Co. v. Societe Annonyme Des Mines De Lexington, 58 P. 111, the Supreme Court of Montana, in the fifth paragraph of syllabus, said:

"Where the court sustained a motion for a new trial, and did not expressly exclude the ground that the verdict was against the evidence, the ruling will be sustained on appeal, where there appears to be a conflict of evidence."

In the case of Menard v. Montana Cent. Ry. Co., 56 P. 592, the Supreme Court of Montana, in the second paragraph of the syllabus, said:

"Though a motion for a new trial, made for errors in law, is granted solely on the ground that plaintiff's cause of action is barred by limitations, the appellate court may consider other errors specified; and, if it appears from the whole record that the motion was properly granted, the order will be affirmed, though the reason given was wrong."

In the case of Kauffman v. Maier, 29 P. 481, the Supreme Court of California, in the first paragraph of the syllabus said:

"Where an appeal is taken from an order granting a new trial, the court is not confined to considering the ground on which such order is made, but will review the entire record, except that where the evidence is conflicting, and the trial court excludes the question of the insufficiency thereof as a ground for granting the new trial, the Supreme Court will not re-examine the evidence."

So, under the record in this case, the statutory grounds presented to the court for a new trial not having been excluded by the court as grounds for a new trial, this court cannot weigh the evidence and say that the judgment of the trial court was not correct. That right to weigh the evidence is for the trial court and not this court, and after a careful consideration of the record, the trial court did not exclude the statutory grounds presented for a new trial, that is, that the evidence was insufficient to support the findings of the trial judge, that the judgment of the trial court was contrary to the evidence, and errors of law occurring at the trial. It must be presumed that the court was not satisfied with his own judgment, and therefore, in the interest of justice, granted a new trial, which left the parties in the same position as they were before the trial was had.

In the second journal entry the trial court certified his disqualification to hear and determine this cause of action. After the trial court felt that he was disqualified in this case, it was his duty to set aside his judgment and permit the parties to try their case before a qualified court. No litigant in this state should be compelled to answer for a judgment of the court that finds upon the trial of the case that he is disqualified and in an attempt to do the right thing grants a new trial and certify his disqualification.

There can be no just criticism of any trial court who in the interest of fairness, im-

pelled by the highest motives, feels that he is disqualified to try a cause of action and so certifies his disqualification. No court should permit his judgment to stand who feels that he is disqualified in said case, and this court should not compel the defendant in error, plaintiff below, to accept a judgment that was entered by a judge who felt that he was disqualified.

Nothing but the highest sense of honor and the purest motives is shown by the action of the court in vacating his judgment and certifying his disqualification, at the instant he felt that for some reason, not expressed in his order, he was disqualified to hear and determine said cause; for this reason, the judgment of the trial court in granting a new trial should be affirmed and give the plaintiff below, the defendant in error, an opportunity to present his case to a qualified tribunal that could hear and determine the controversy.

Justice HEFNER, Justice McNEILL, and Justice KORNEGAY, concur in this dissent.